IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSH L. ANDERSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 04-135 Erie |
| LARRY E. KOPKO, RANDY J. ICKERT | ) |
| and KATIE L. AVENALI, | ) |
| | ) |
| Defendants | ) **JURY TRIAL DEMANDED** |

## BRIEF FOR DEFENDANTS IN SUPPORT OF
## MOTION TO DISMISS AND STRIKE

Defendants Larry E. Kopko, Randy J. Ickert and Katie L. Avenali respectfully submit the following Brief for Defendants in Support of Motion to Dismiss and Strike.

### Issues

A. Whether plaintiff's action against defendants Kopko and Ickert should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because plaintiff's amended complaint does not allege their personal involvement in the excessive force allegedly used on plaintiff by defendant Avenali.

B. Whether plaintiff's claims of entitlement to certain dollar amounts of compensatory and punitive damages are in violation of W.D. PA. LR 8.1 and, therefore, should be stricken from plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(f).

C. Whether plaintiff's prayers for injunctive and declaratory relief should be stricken from plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(f) because those remedies are unavailable in the absence of a reasonable likelihood of recurrence of unlawful conduct by defendants.

### Facts

On June 24, 2004 plaintiff Josh L. Anderson filed an amended complaint entitled "Complaint" in which he asserted claims against defendants Larry E. Kopko, Randy J. Ickert and

Katie L. Avenali pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 ("Section 1983"), and the Cruel and Unusual Punishments Clause of the Eighth Amendment to the United States Constitution (pp.1-2). Plaintiff requested (1) a declaration from the Court that his United States Constitutional and statutory rights were violated, (2) preliminary and permanent injunctions prohibiting defendants from "harassing and assaulting" plaintiff, (3) compensatory damages of $250,000 against each defendant and (4) punitive damages of $200,000 against each defendant. (pp.4-5)

Plaintiff asserts that defendant Kopko is the Sheriff of Warren County, Pennsylvania and the Warden of the Warren County Prison; defendant Ickert is the Captain and Correctional Supervisor of the Warren County Prison; and defendant Avenali is a Deputy Sheriff and Corrections Officer at the Warren County Prison. According to plaintiff, defendant Kopko "is legally responsible for the overall operation [of] the [Warren County Prison]," defendant Ickert "is legally responsible for the operation of the [Warren County Prison] and for the welfare of all of the inmates of [the Warren County Prison]," and defendant Avenali "was assigned to the [Warren County Prison]." (p.2)

Plaintiff claims that on February 4, 2004, while two corrections officers held him down, defendant Avenali "[kicked him] in the face then jumped down and punched [him] and started to beat [his] head off the floor." (p.3) Plaintiff asserts that defendant Ickert refused "a large number of requests" from plaintiff "to have [defendant] Avenali work somewhere else"; on March 4, 2004, he "presented the facts relating to this complaint," and on March 8, 2004 he sent a letter to defendant Kopko stating that he "wished to file criminal charges [against defendant] Avenali for assault," all in an effort to "use…the prisoner grievance procedure…to try to solve the problem."

2

**Standard of Review**

Defendants disagree with almost all of the facts alleged in plaintiff's amended complaint and they categorically deny that they engaged in any wrongful conduct with respect to plaintiff. However, at this stage of the proceedings, for purposes of their Motion to Dismiss and Strike, all allegations of the amended complaint and all reasonable inferences therefrom must be accepted as true and must be viewed in the light most favorable to plaintiff.  **Ferry v. Mutual Life Insurance Co. of New York**, 868 F.Supp. 764, 768 (W.D. Pa. 1994); **U.S. Oil Co., Inc. v. Koch Refining Co.**, 518 F.Supp. 957, 959 (E.D. Wisc. 1981).

The issue before the court with respect to the motion to dismiss is whether plaintiff can prove any facts in support of his claims against defendants Kopko and Ickert that will entitle him to any relief.  **Ferry**, 868 F.Supp. at 768.  Any prayers for relief of the plaintiff may be stricken if they request relief not recoverable as a matter of law.  **Carlough v. Amchem Products, Inc.**, 834 F.Supp. 1437, 1457 (E.D. Pa. 1993); **Rosales v. Citibank**, 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001).

**Argument**

    A.    **Plaintiff's action against defendants Kopko and Ickert should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because his amended complaint does not allege their personal involvement in the excessive force allegedly used on plaintiff by defendant Avenali.**

A defendant in an action brought pursuant to Section 1983 must have been personally involved in the alleged wrong for liability to attach; liability cannot be based on respondeat superior.  **Rode v. Dellarciprete**, 845 F.2d 1195, 1207 (3d Cir. 1988).  Personal involvement exists if (1) a defendant participated in a violation of a plaintiff's rights, or he directed others to violate them, or he had knowledge of and acquiesced in his subordinates' violations while being

3

in a position to prevent those violations; or (2) with deliberate indifference to the consequences, a defendant established and maintained a policy, practice or custom which directly caused plaintiff's harm. **Baker v. Monroe Township**, 50 F.3d 1186, 1191 (3d Cir. 1995); **A.M. v. Luzerne County Juvenile Detention Center**, 372 F.3d 572, 586 (3d Cir. 2004). The allegations of plaintiff's amended complaint do not demonstrate personal involvement by defendants Kopko or Ickert in the alleged use of excessive force by defendant Avenali.

The amended complaint alleges that defendant Avenali used excessive force on plaintiff, but it does not allege that defendant Kopko or defendant Ickert were present when that force was used on plaintiff. It describes the supervisory authority of defendants Kopko and Ickert, that plaintiff requested defendant Ickert to arrange for defendant Avenali to "work somewhere else," and that plaintiff reported his allegations concerning the February 4, 2004 incident to defendant Kopko after that incident allegedly occurred. But no averments are made of direction or acquiescence, or the establishment of a policy, practice or custom, on the part of defendants Kopko or Ickert, that caused the alleged use of excessive force by defendant Avenali on February 4, 2004. Therefore, defendants Larry E. Kopko and Randy J. Ickert should be dismissed from this action as defendants.

> **B.    Plaintiff's claims of entitlement to certain dollar amounts of compensatory and punitive damages are in violation of W.D. PA. LR 8.1 and, therefore, should be stricken from plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(f).**

W.D. PA. LR 8.1 provides, in its entirety:

> Except in diversity cases in which a party must plead that the matter in controversy exceeds the sum of $75,000, any pleading demanding general damages unliquidated in amount shall, without claiming any specific sum, set forth only that money damages are claimed. The categories of damages so claimed may be specified and the claiming party is not precluded from seeking additional damages at a later date.

Plaintiff's amended complaint does not set forth a diversity case but, instead, alleges a cause of action within the federal question jurisdiction of this Court. Accordingly, he could comply with Rule 8.1 only by setting forth that money damages are claimed and the categories of those damages. Instead, plaintiff's amended complaint claims entitlement to compensatory and punitive damages in certain dollar amounts. Those demands should be stricken from plaintiff's amended complaint pursuant to W.D. PA. LR 8.1 and Fed.R.Civ.P. 12(f).

>           **C.      Plaintiff's prayers for injunctive and declaratory relief should
>                   be stricken from plaintiff's amended complaint pursuant to
>                   Fed.R.Civ.P. 12(f) because those remedies are unavailable in
>                   the absence of a reasonable likelihood of recurrence of
>                   unlawful conduct by defendants.**

Injunctive relief is not available unless plaintiff "can make a reasonable showing that he will again be subjected to the alleged illegality." **Davis v. Thornburgh**, 903 F.2d 212, 222 (3d Cir. 1990). The purpose of declaratory relief is to allow parties to understand their rights with respect to a concrete impending controversy so that they can adjust their conduct to avoid future damages. **ACandS, Inc. v. Aetna Casualty and Surety Co.**, 666 F.2d 819, 823 (3d Cir. 1981). Declaratory relief, as with injunctive relief, is unavailable where the only dispute relates to past events and plaintiff has not demonstrated that there is a reasonable likelihood of recurrence. **Robinson v. City of Chicago**, 868 F.2d 959, 966 (7th Cir. 1989); **Utah Animal Rights Coalition v. Salt Lake City Corp.**, 371 F.3d 1248, 1265-6 (10th Cir. 2004); **Comfort v. Lynn School Committee**, 150 F.Supp.2d 285, 302, n.39 (D.Mass. 2001).

Plaintiff requests awards of compensatory and punitive damages for the alleged use of excessive force, remedies potentially available to him if he convinces a jury that he was injured through the use of such force. He also requests injunctive and declaratory relief, but his amended complaint does not demonstrate any risk of recurrence of the same kind of conduct, or

of the harassment and assaultive conduct generally described in his prayer for relief. Accordingly, those requests for remedies should be stricken from his amended complaint pursuant to Fed.R.Civ.P. 12(f).

### Conclusion

Plaintiff's amended complaint does not state a claim upon which relief can be granted as to defendants Larry E. Kopko and Randy J. Ickert and, therefore, this action as it relates to those two defendants should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). While plaintiff's amended complaint does state a claim upon which relief can be granted as to defendant Katie L. Avenali, plaintiff's prayers for monetary damages in sums certain and for injunctive and declaratory relief are contrary to law and, therefore, should be stricken pursuant to Fed.R.Civ.P. 12(f).

Respectfully submitted,

/s/ James T. Marnen
James T. Marnen
PA ID No. 15858
KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
120 West Tenth Street
Erie, PA  16501-1461
General Tel:  814-459-2800
Direct Dial Tel: 814-459-9886, Ext. 203
Fax:  814-453-4530
Email: jmarnen@kmgslaw.com

Attorney for Defendants,
Larry E. Kopko, Randy J. Ickert
and Katie L. Avenali

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSH L. ANDERSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 04-135 Erie |
| LARRY E. KOPKO, RANDY J. ICKERT ) | |
| and KATIE L. AVENALI, ) | |
| ) | |
| Defendants ) | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of July, 2005, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

/s/ James T. Marnen
James T. Marnen

#623058