IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSH L. ANDERSON
    plaintiff

V.                                  CIVIL ACTION NO. 04-135 ERIE

LARRY E. KOPKO, RANDY J. ICKERT,
and KATIE L. AVENALI,
    defendants

**PLAINTIFF RESPONSE TO DEFENDANTS MOTION TO DISMISS AND STRIKE**

Plaintiff JOSH L. ANDERSON respectfully submits the following response to defendants motion to dismiss and strike.

ISSUES

A.    Why defendants Kopko and Ickert should not be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6).

B.    Why plaintiff's claims of entitlement to certain dollar amounts are in violation of W.D. PA. LR 8.1 and, therefore, should be stricken from plaintiff's amended complaint.

C.    Why plaintiff's prayers for injunctive and declaratory relief should not be stricken from plaintiff's amended complaint.

**FACTS**

On June 24, 2004, plaintiff JOSH L. ANDERSON filed an amended complaint entitled "Complaint" in which he states Claims against defendants LARRY E. KOPKO, RANDY J. ICKERT, and KATIE L. AVENALI pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("section 1983") and the Cruel and Unusual Punishment Clause of the Eighth Amendment of the United States Constitution. Plaintiff requests (1) a declaration from the Court that his United States Constitution and Statutory rights were violated. (2) preliminary and permanent injunctions prohibiting defendants from "harassing and assaulting" plaintiff. (3) Compensatory damages of $250,000 against each defendant Jointly and Severally and (4) Punitive damages of $200,000 against each defendant.

Plaintiff states that defendant LARRY E. KOPKO is the Sheriff/Warden of the County of Warren, State of Pennsylvania, and is legally responsible for the overall operation of the department and the institution under it's jurisdiction, including the Warren County Prison. Defendant RANDY J. ICKERT is the Captian/Correctional Supervisor of the Warren County Prison and is legally responsible for the operation of the Warren County Prison and the welfare of all the inmates of that prison. Defendant KATIE L. AVENALI is a Deputy Sheriff/Correctional officer of the Warren County Prison, and at all time mentioned in Plaintiff's amended complaint held the rank of Correctional Officer and was assigned to the Warren County Prison.

2.

Plaintiff states that on February 4, 2004, while two Correctional Officers held him down, defendant Avenali "Kicked him in the face then jumped down and punched him and started to beat his head off the floor." Plaintiff states that defendant Ickert repeatedly responded to plaintiff's requests to have defendant Avenali work in another area of the jail by simply answering with "No" or "She is doing her job as ordered to do it," all in a effort to solve an ongoing problem between the plaintiff and defendant Avenali. On March 4, 2004, plaintiff presented the Facts in Complaint, and on March 8, 2004, he sent a letter to defendant Kopko stating that he wished to file Criminal Charges against defendant Avenali for assault.

## Standard of Review

The Supreme Court held that in considering a motion to dismiss, a Pro Se Complaint should be held to less Strict Standards than a motion by a lawyer. **Conley V. Gibson**, 355 U.S. 41, 45-46 (1957). The issue before the Court is whether plaintiff can prove any set of facts in support of claims against defendants KOPKO, and ICKERT that will entitle him to any relief. A complaint is not subject to dismissal unless it appears to a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of his claim. **Seymour V. Union News Co.**, C.A. Ill. 1954, 217 F. 2d 168. Motion to dismiss tests formal sufficiency of Complaint and other pleadings when addressing motion to dismiss, Court must

keep in mind that Federal Rules of Civil Procedure require only notice pleading, and that all pleadings, therefore, should be read liberally: Court is directed to give plaintiff beneficial interpretation of all facts contained in complaint and accept all allegations in complaint as true. **Carey on Behalf of Carey v. Maine School Administrative Dist. No. 17,** D.Me 1990, 754 f. Supp. 906.

## Argument

A. **Why defendants Kopko and Ickert should not be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).**

Prisoner claiming that prison officials violated Eigth Amendment duty to protect him against harm need not show that official acted or failed to act believing that harm actually would befall an inmate; it is sufficient that official acted or failed to act dispite his knowledge of substantial risk of serious harm. **Farmer V. Brennan, 114 S.C.T. 1970 (1994).** Prison officials cannot ignore a problem once it is brought to their attention. **Spain V. Procunier, 600 F.zd 189.** Prison officers act with deliberate indifference when they ignore an obvious and serious danger. **Farmer V. Brennan, 511 U.S. 825,835 (1994).** The allegation of plaintiff's amended complaint state defendants Kopko and Ickert's invovlement through deliberate idifference. Plaintiff's amended complaint makes no statement alleging that defendant Kopko or defendant Ickert were present when defendant

Avenali used excessive force on plaintiff. The Warren County Sheriff's Department and Warren County Prison does not train officers to engage in lawful conduct, and that they customarily refuse to punish officers who engage in Unlawful Conduct, and these practices allowed defendant Avenali (Officer Avenali) to engage in the type of conduct giving rise to this claim.

B.  Why plaintiff's claims of entitlement to certain dollar amounts are in violation of W.D.Pa. LR 8.1 and, therefore, should be stricken from plaintiff's amended complaint.

plaintiff is in agreement with defendants with respect to plaintiff's Claims of entitlement to certain dollar amounts of compensatory and punitive damages are in Violation of W.D. PA. LR 8.1, therefore, demand of specific dollar amounts should be stricken from plaintiff's amended complaint.

C.  Why plaintiff's prayers for injunctive and declaratory relief should not be stricken form plaintiff's amended complaint.

The function and purpose of a "preliminary injunction" is to prevent irreparable injury pending on ultimate determination of the action. **Marine Cooks & Stewards, AFL V. Panama S.S. Co.,** C.A. Wash. 1959, 268 F.2d 935; **Checker Motors Corp. V. Chrysler Corp.,** C.A.N.Y. 1969, 405 F.2d 319. Preliminary injunctions is an

extraordinary remedy whose purpose is to preserve the staus quo and prevent irreparable injury until the case ultimately resolved. **Grier V. Bowker,** D.C.N.Y. 1970, 314 F Supp. 624. Granting of declaratory relief is proper only where the judgment will serve a useful purpose in classifying and settling the legal relation at issue, or when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceedings. **Maryland Cas. Co. V. Rosen,** C.A. vt. 1971, 445 **F.zd 1012.**

Plaintiff's amended complaint does make mention of recurrence in which plaintiff stated "Officer Avenali and I have been having problems for over (2) two years now", as well plaintiff stated "I have sent a large number of requests to Capt. Ickert asking to have officer Avenali work somewhere else" all in a effort to try to solve the problem. Plaintiff believes that when returning to the custody of Warren County Prison on WRIT, he will be subjected to the sure conduct giving rise to this claim by defendants or other officers of the Warren County Sherriff's Department and Warren County Prison. Accordingly, plaintiff's request for remedies should not be stricken from amended complaint.

### Conclusion

Plaintiff's amended complaint does state a claim upon which relief can be granted as to defendants Larry E. Kopko and Randy J. Ickert and, therefore, this action as it relates to those two

defendants should not be dismissed. Plaintiff's amended complaint states a claim upon which relief can be granted as to defendant Katie L. Avenali, plaintiff's prayers for monetary damages in certain dollar amounts are in violation of **W.D.PA. LR 8.1.** Plaintiff's request for injunctive and declaratory relief should not be stricken.

August 8, 2005
Date

JOSH L. ANDERSON
FW-6915
1-Kelley Drive
Coal Township, PA. 17866