IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CA 04-135 E

JOSH L. ANDERSON
    Plaintiff

    V.

LARRY E. KOPKO, RANDY J. ICKERT
and, KATIE L. AVENALI
    Defendants

**BRIEF IN SUPPORT OF ORDER TO SHOW CAUSE FOR A PRELIMINARY INJUNCTION**

    Plaintiff Josh L. Anderson respectfully submit's the following brief in support of order to show cause for a Prelminary Injunction.

**ISSUES**

A.    Whether Larry E. Kopko, Randy J. Ickert and Katie L. Avenali would harmed by a Preliminary Injunction.

B.    Whether Plaintiff would suffer irreparable harm if a Preliminary Injunction is not ordered.

**FACTS**

On June 18, 2004 Plaintiff Josh L. Anderson, initiated this action by filing a Pro Se complaint in the United States District Court for the Western District of Pennsylvania against defendants Larry E. Kopko, Randy J. Ickert, and Katie L. Avenali.

Plaintiff's complaint states he was physically assaulted on February 4, 2004 while serving a sentence in the Warren County Prison. Specifically, Plaintiff claims that Defendant Katie L. Avenali would not stop "Staring" at him and, as a result, he "got mad and stepped to her." An Officer Dipenti next pushed plaintiff back approximately five feet away from defendant Avenali.

After being pushed up against a cell door, plaintiff contends Officer Dipenti "put [him] on the floor." Plaintiff states that he "lost it and spit" at defendant Avenali because defendant Avenali was smiling at him. Plaintiff states defendant Avenali then "took a step back and kicked him in the face then jumped down and punched him and started to beat his head of the floor."

Finally, Plaintiff contends that a Sergeant Burns and a Officer Dipenti along with five inmates observed this incident.

## STANDARD OF REVIEW

Before temporary restraining order can be granted, Court must find that there exists specific injury for which there is not adequate remedy at law, and that there is substantial likelihood that plaintiffs will prevail on merits. **Ament V. Kusper, D.C.Ill. 1974, 370 F. Supp. 65.** Even though a plaintiff has not affirmatively evidenced the likelihood of success on the merits plaintiff can prevail on a motion for a temporary restraining order if circumstances of the case and the evidence raise a substantial question going to the merits and the balance of hardship tips sharply in plaintiff's favor. **King V. Civil Service Commission of City of New York, D.C.N.Y. 1974, 382 F.Supp. 1128.** District Court's exercise of discretion in issuing a preliminary injunction is guided by four factors: (1) Whether plaintiff will have an adequate remedy at law or will be irreparably harmed if injunction does not issue: (2) Whether threatened injury to plaintiff outweighs threatened harm the injunction may inflict on defendant; (3) Whether plaintiff has at least a reasonable likelihood of success on the merits; and (4) Whether granting of preliminary injunction will disserve public interest; likelihood of success factor serves as a threshold requirement and if such factor is unsatisfied and if plaintiff has not shown irreparable injury, Court need go no further in denying preliminary injunction. **O'conner V. Board of Ed. of School Dist. No. 23, C.A.Ill. 1981, 645 F.2d 578.** Lack of an adequate remedy at law, as prerequisite for preliminary

injunction, ordinarily means that money damages will not remedy the injury. **American Medicorp, Inc. V. Continental Ill. Nat. Bank and Trust Co. of Chicago, D.C.Ill. 1977, 475 F.Supp.5.** Federal District Court enjoys power to protect potential future damages remedy with preliminary injunction if traditional requirements for obtaining equitable relief are met; these include, in such Context, Showing that plaintiffs are likely to become entitled to the encumbered funds upon final Judgment and a Showing that, Without preliminary injunction, Plaintiffs will probably be unable to recover those funds. **Hoxworth V. Blinder, Robinson & Co., Inc., C.A.3 (Pa) 1990, 903 F.2d 186.**

**ARGUMENT**

A.     Whether Larry E. Kopko, Randy J. Ickert and Katie L. Avenali Would be harmed by a Preliminary Injunction.

Even if preliminary injunction altered status quo, it was proper, Where plaintiff had made a Sufficient Showing of potential irreparable harm. **Lepore V. New York News Inc., D.C.Fla. 1972, 346 F. Supp. 755.** Preliminary injunction should not be issued to protect status quo unless Court's ability to render

meaningful decision on merits would otherwise be in jeopardy. **Canal Authority of State of Florida V. Callaway, C.A. Fla. 1974, 489 F.2d 567.** The facts set forth by plaintiff and laws under the United States and Pennsylvania Constitution State that defendants Kopko, Ickert and Avenali violated plaintiffs rights, by which defendants Kopko and Ickert aloud defendant Avenali to continue her actions. Defendants Larry E. Kopko, Randy J. Ickert and, Katie L. Avenali Would not in anyway be harmed by a preliminary injunction Plaintiff only requests that defendants Kopko, Ickert, Avenali, and their successors be prohibited from Inflammatory Speech and Sexual Harassment.

B.         **Whether Plaintiff Would Suffer irreparable harm if a preliminary injunction is not ordered.**

On application for preliminary injunction, there must be balancing of Conveniences and rights of parties and balancing of possible injuries to them according to how they may be affected by granting or withholding of injunction. **Congress of Racial Equality V. Douglas, S.A.Miss. 1963, 318 F.2d 95.** If balance of probable harm is likely to weigh more heavily on plaintiff, Preliminary injunction should issue if grave and serious question is presented on merits, but if balance of probable harm is likely to be equal or weigh more heavily on defendant, Plaintiff must

show likelihood of success on merits of his Claims as one Strong factor to be Weighed with public interest and likely harm to defendant if if injunction issues. **Sun-Drop Bottling Co., Inc. V. Coca-Cola Bottling Co. Consol., D.C.N.C. 1985, 604 F.Supp. 1197.** Plaintiff will suffer harm if injunction is not issued. Plaintiff continues to return to the Warren County Prison on WRIT and will again be in the custody of the Warren County Prison on November 3, 2005. Plaintiff was last in the custody of the Warren County Prison from August 23, 2005 to August 31, 2005 and experienced some of the type of conduct giving rise to Plaintiffs complaint.

## CONCLUSION

Plaintif believes that when returning to the custody of the Warren County Prison he will be Subjected to the Same Conduct giving rise to his Claim by defendants and their successors. Accordingly, Plaintiff requests for this injunction be issued.

Josh L. Anderson
FW-6915
1 Kelley Dr.
Coal Township, PA. 17866-1021