**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSH L. ANDERSON | ) | |
| Plaintiffs, | ) | |
| v. | ) | **C.A. No. 04-135 Erie** |
| | ) | |
| | ) | **District Judge McLaughlin** |
| LARRY KOPKO, et al. | ) | **Magistrate Judge Baxter** |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants [Document # 27] be granted.  Defendants Kopko and Ickert should be dismissed from this action because Plaintiff has failed to state a claim against them.

**II.     REPORT**

**A.      Relevant Procedural History**

On May 19, 2004, Plaintiff Josh Anderson, an inmate formerly incarcerated at the Warren County Prison, filed this civil rights action.  Named as Defendants are: Larry Kopko, Sheriff of Warren County; Randy Ickert, Supervisor of the Warren County Prison; and Katie Avenali, Corrections Officer at the Warren County Prison.  In his amended complaint, Plaintiff alleges that Defendant Avenali physically assaulted him after he spit at her and that Defendants Kopko and Ickert were "deliberately indifferent" to Avenali's alleged violation of his constitutional rights.  Document # 6.  As relief, Plaintiff seeks monetary damages, as well as a preliminary injunction"ordering Defendants ... to stop harassing and assaulting" him.[1]  Id.

---

[1]  Plaintiff did not file a motion for a preliminary injunction but only included this request in his relief section of the amended complaint.  Plaintiff's request for injunctive relief against these Defendants is now moot and should be dismissed as Plaintiff is no longer incarcerated at the facility at issue in this case.

1

Presently before this Court is a partial motion to dismiss filed by Defendants. Defendants have moved to dismiss the claims against Defendants Kopko and Ickert for failure to state a claim. Plaintiff has filed an Opposition Brief and the issues are presently ripe for disposition by this Court.

### B.     Standards of Review

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiffs are *pro se* litigants, this Court will consider facts and make inferences where it is appropriate.

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the

allegations." <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  <u>Neitzke</u>; <u>Scheuer v. Rhodes</u>, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### C.      *Respondeat Superior*

Defendants Kopko and Ickert argue that they should be dismissed from this case because Plaintiff has failed to allege their personal involvement and therefore has failed to state a claim against them.

In his amended complaint, Plaintiff makes only the following allegations against Defendants Ickert and Kopko:

> On 3-8-04 Plaintiff Josh Anderson wrote to Sheriff/Warden Larry Kopko a letter stating that Plaintiff Josh Anderson wished to file criminal charges on officer Katie Avenali for assault.
>
> * * *
>
> I have sent a large number of requests to Captain Ickert asking to have officer Avenali work somewhere else.  Each time I was told "no" or that "she is doing her job as ordered to do it."

Document # 6, Amended Complaint, pages 3 - 4.  In his Opposition Brief, Plaintiff admits that his amended complaint "makes no statement alleging that Defendant Kopko or Defendant Ickert were present when Defendant Avenali used excessive force on Plaintiff."  Document # 29, page 3 - 4.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct.  <u>Chinchello v. Fenton</u>, 805 F.2d 126, 133 (3d Cir. 1986).   Although a supervisor cannot encourage

constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Plaintiff's amended complaint contains no specific allegations of the personal involvement of Defendants Kopko and Ickert.[2]  Accordingly, Plaintiff has failed to state a claim upon which relief may be granted against these two Defendants and the motion to dismiss should be granted.


### D.    Monetary Demand

Plaintiffs' demand for certain specific dollar amounts for damages violates Local Rule of

---

[2]  In his Opposition Brief, Plaintiff argues that "the Warren County Sheriff's Department and Warren County Prison does not train officers to engage in lawful conduct, and that they customarily refuse to punish officers who engage in unlawful conduct, and these practices allowed Defendant Avenali to engage in the type of conduct giving rise to this claim." Document # 29, page 4.  Plaintiff's assertions regarding policy or custom liability could implicate liability under § 1983.  However, only governmental entities can be held liable for civil rights violations in this regard. C.N. v. Ridgewood Board of Education, ___ F.3d ___, ___, 2005 WL 3211647, at * 11 (3d Cir. December 1, 2005) ("To impose liability on the [governmental entity] under § 1983, Plaintiffs must show a 'relevant policy or custom, and that the policy caused the constitutional violation ... alleged.'") quoting Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-84 (3d Cir.2003) and Monell. In this case, Plaintiff has not named any such governmental entity as a defendant.

Civil Procedure 8.1 and should be stricken from the amended complaint.  The motion should be granted in this regard.

## III.    CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the motion to dismiss filed by Defendants [Document # 27] be granted.  Defendants Kopko and Ickert should be dismissed from this action.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: December 12, 2005