IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSH L. ANDERSON, | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 04-135 Erie |
| LARRY E. KOPKO, RANDY J. ICKERT and KATIE L. AVENALI, | ) |
| Defendants | ) **JURY TRIAL DEMANDED** |

### ANSWER TO AMENDED COMPLAINT

Defendant Katie L. Smith, née Katie L. Avenali, respectfully submits the following Answer to Amended Complaint in response to the amended complaint, entitled "Complaint," filed by plaintiff on June 24, 2004 and served on defendants on June 6, 2005.

### First Defense

**Jurisdiction and Venue**

Admitted that this Court has subject matter jurisdiction over the claims of plaintiff and that venue properly lies in this Court pursuant to the statutes referenced in plaintiff's amended complaint under the heading "Jurisdiction and Venue." Denied that plaintiff is entitled to declaratory or injunctive relief.

**Plaintiff**

Admitted that plaintiff was a prisoner of the Commonwealth of Pennsylvania in the custody of the Warren County Jail at the time of the events alleged in plaintiff's amended complaint and that at the time he filed his amended complaint he was a prisoner confined in the Mercer County Jail, located in Mercer County, Pennsylvania. Denied that plaintiff was a prisoner in the Mercer County Jail for reasons related to the events alleged in his amended complaint and that he is currently a prisoner in the Mercer County Jail.

**Defendants**

Denied that former defendant Kopko is "legally responsible" for the matters alleged in plaintiff's amended complaint and that former defendant Ickert is "legally responsible" for the matters alleged in that document.  Admitted that former defendants Kopko and Ickert and defendant Smith (formerly defendant Avenali) are sued in their official and individual capacities and that the actions they took at the times of the events alleged in plaintiff's amended complaint were taken under color of state law.  The remainder of the averments of plaintiff's amended complaint under the heading "Defendants" are admitted.

**Facts**

1.Admitted that on February 4, 2004 at approximately 12:30 p.m. Officers DiPenti, Breon and Smith (then Avenali) arrived at the maximum security unit of the Warren County Jail to serve lunch to the inmates housed in that unit and that while Officers DiPenti and Breon were entering the maximum security area, Officer Smith remained behind with the inmates who were serving the food, Officer Smith entering the maximum security area to assist Officers DiPenti and Breon at about the time Officers DiPenti and Breon forced plaintiff to the floor.  The remainder of these averments are denied.

2.Denied.

3.Admitted that Officer DiPenti twice pushed plaintiff backwardly in response to plaintiff's two efforts to push past Officers DiPenti and Breon through the doorway to the maximum security area of the Warren County Jail in an attempt to assault Officer Smith and that Officers DiPenti and Breon forced plaintiff to the floor after he threatened to assault Officer DiPenti.  The remainder of these averments are denied.

    4.    Admitted that plaintiff spit at Officer Smith (then Avenali). The remainder of these averments are denied.

    5.-6.    Denied.

**Exhaustion of Legal Remedies**

Admitted that plaintiff exhausted the administrative remedies available at the Warren County Jail. Denied that on March 8, 2004 plaintiff sent a letter to Sheriff Kopko on March 8, 2004 stating that he wished to file criminal charges against defendant Smith (then Avenali) with respect to her alleged assault upon him.

**Legal Claims**

Denied.

### Second Defense

Defendant Smith (then Avenali) placed handcuffs on plaintiff with the assistance of Officers DiPenti and Breon after Officers DiPenti and Breon forced plaintiff to the floor. She did not kick or punch plaintiff, beat his head against the floor, or touch him except to the extent necessary to place handcuffs on him.

### Third Defense

Defendant Smith (then Avenali) acted in good faith in an effort to maintain or restore discipline in response to a reasonably perceived threat to corrections officials presented by plaintiff's actions, the force used by her being necessary and reasonable to properly address the needs of the situation.

WHEREFORE, defendant Katie L. Smith, née Katie L. Avenali, respectfully requests that the Court enter judgment in her favor and against plaintiff Josh L. Anderson.

        Respectfully submitted,

        /s/ James T. Marnen
        James T. Marnen
        PA ID No. 15858
        KNOX McLAUGHLIN GORNALL &
        SENNETT, P.C.
        120 West Tenth Street
        Erie, PA  16501-1461
        General Tel:  814-459-2800
        Direct Dial Tel: 814-459-9886, Ext. 203
        Fax:  814-453-4530
        Email: jmarnen@kmgslaw.com

        Attorney for Defendants,
        Larry E. Kopko, Randy J. Ickert
        and Katie L. Avenali

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSH L. ANDERSON, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) Civil Action No. 04-135 Erie |
| LARRY E. KOPKO, RANDY J. ICKERT and KATIE L. AVENALI, | ) ) ) |
| Defendants | ) **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22d day of December, 2005, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

/s/ James T. Marnen
James T. Marnen

#648601

5