IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSH L. ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs - ) | CIVIL ACTION # 04-135 ERIE |
| ) | |
| LARRY E. KOPKO, et al. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S**

**REPORT AND RECOMMENDATION**

COMES NOW, Plaintiff, JOSH L. ANDERSON, in Pro Se, to respectfully submit the following Objections to Magistrate Judge's Report and Recommendation.

On December 12, 2005, the Magistrate Judge made a recommendation that Defendant's Motion to Dismiss Kopko and Ickert be granted.

Plaintiff OBJECTS to Magistrate Judge's recommendation and submits the following in support of.

Plaintiff's Amended Complaint states; "Officer Avenali and I have been having problems for over (2) two years now." [See Document #6, page 3, line 10]

During the two year period referred to herein, Plaintiff had made every effort available to him in an attempt to put an end to the on-going problem with Defendant Avenali.

Plaintiff wrote numerous letters to Defendant Kopko informing him that Plaintiff was having problems with Avenali. Kopko responded to one of his letters advising Plaintiff that Defendant Ickert was to initiate an investigation. [See Exhibit "A", attached hereto.] One other of many attempts to put an end to this threat was a written request to Ickert asking to speak with him about Avenali. [See Exhibit "B"]

Plaintiff also spoke with C/O Tim Hepinger, as well as other correctional officers, about what was going on between Plaintiff and Avenali, in hope of preventing any further altercations and/or possible harm to Plaintiff, but no preventative action was taken. [See Exhibit "C"] Therefore, it is shown that Kopko and Ickert were well aware of this persisting problem between Plaintiff and Avenali, but refused to take any action in keeping Plaintiff out of harms way.

Defendant Kopko is the Sheriff of Warren County, as well as the Warden of the Warren County Prison, where these conflicts and altercations occurred, some even resulting in criminal charges filed against Plaintiff. [Willing to provide Criminal Complaint upon request.]

Plaintiff in no way believes that Kopko was unaware of the actions taken by his office for events occurring in the County Prison that he has authority over and responsibility thereof.

Also attached hereto, in support hereof, is a grievance submitted by Plaintiff against Avenali, and Ickert's response thereto. [See Exhibit "D"]

As this Honorable Court can clearly see, Ickert was fully aware of the on-going problems created by Avenali, via Plaintiff's numerous written complaints and verbal allegations. See Exhibit "D" wherein Ickert states; "Because of the existing problems you have with Officer Avenali, she did apply the restraints tight."

Plaintiff deems that Kopko and Ickert's failure to act accordingly created a policy or custom permitting and/or encouraging Avenali's actions.

**THEREFORE**, based on Plaintiff's allegations and supporting facts submitted herein, Plaintiff respectfully pray this court to reconsider Magistrate Judge's recommendation to dismiss Defendants Kopko and Ickert from Plaintiff's Complaint.

---

DATE

---

JOSH L. ANDERSON [Pro Se]
FW-6915
1 KELLEY DRIVE
COAL TOWNSHIP, PA.  17866-1021