IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSH L. ANDERSON, | ) |
| Plaintiff | ) |
| v. | ) |
| | ) Civil Action No. 04-135 Erie |
| LARRY E. KOPKO, RANDY J. ICKERT and KATIE L. AVENALI, | ) |
| Defendants | ) **JURY TRIAL DEMANDED** |

**BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendants Larry E. Kopko, Randy J. Ickert and Katie L. Smith, née Katie L. Avenali, respectfully submit the following Brief in Support of Defendants' Response to Plaintiff's Objection to Magistrate Judge's Report and Recommendation.

**Issues**

A. Whether plaintiff's claims of entitlement to certain dollar amounts of compensatory and punitive damages are in violation of W.D.PA. LR 8.1 and, therefore, should be stricken from plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(f).

B. Whether plaintiff's prayers for injunctive and declaratory relief should be stricken from plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(f) because plaintiff's amended complaint fails to demonstrate a reasonable likelihood of recurrence of alleged unlawful conduct by defendants.

C. Whether plaintiff's action against defendants Kopko and Ickert should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because plaintiff's amended complaint and the averments in his briefs do not allege their personal involvement in the excessive force allegedly used on plaintiff by defendant Smith.

## Procedural History

This is a pro se civil rights action filed by an incarcerated person. On May 19, 2004 the Clerk received plaintiff's original complaint and his motion to proceed in forma pauperis and, on June 18, 2004 the Court granted the motion, directing the Clerk to file the original complaint, and the Clerk filed the original complaint. The original complaint was on the form approved by the Court in accordance with W.D.PA.LR 9.2. On June 24, 2004 plaintiff filed an amended complaint, which is entitled "Complaint" and is not on the form approved pursuant to LR 9.2.

The original complaint was served on defendants on May 6, 2005 and, on May 16, 2005, defendants filed a Motion to Dismiss and Strike with respect to the original complaint. On May 23, 2005 defendants were first notified that an amended complaint was filed on June 24, 2004 and, on June 6, 2005, defendants' counsel obtained a copy of the amended complaint from the Clerk. On June 17, 2005 the Court issued an order allowing defendants until July 17, 2005 to file an answer or dispositive motion in response to the amended complaint.

On July 14, 2005 defendants filed a Motion to Dismiss and Strike in response to the amended complaint and, on December 12, 2005, the Magistrate Judge filed a Magistrate Judge's Report and Recommendation, recommending that defendants' Motion to Dismiss and Strike be granted. On December 27, 2005 plaintiff filed Plaintiff's Objection to Magistrate Judge's Report and Recommendation. Defendants' Response to Plaintiff's Objection to Magistrate Judge's Report and Recommendation and this brief in support thereof were filed on January 4, 2006.

Defendants' Motion to Dismiss and Strike requested (1) the dismissal of this action as it relates to defendants Kopko and Ickert because the amended complaint did not allege their personal involvement in the excessive force allegedly used on plaintiff by defendant Smith, (2) that plaintiff's claims to entitlement to certain dollar amounts of compensatory and punitive

damages be stricken as violative of W.D.PA.LR 8.1 and (3) that plaintiff's prayers for injunctive and declaratory relief be stricken because the amended complaint fails to assert a reasonable likelihood of recurrence of unlawful conduct by defendants.  Plaintiff's brief in response to the motion conceded that his claims for monetary damages should be stricken because they were in violation of LR 8.1, but it did not concede the merit of defendants' remaining claims, asserting the past recurrence of "problems" with defendant Smith as a basis for resisting the striking of the prayers for declarative and injunctive relief.

     The Magistrate Judge's Report and Recommendation noted plaintiff's concession with respect to his demand for monetary damages and endorsed his position thereon.  It rejected his claim for declaratory and injunctive relief based on its finding independent of the amended complaint that plaintiff is no longer incarcerated at the Warren County Jail, and it agreed with defendants that plaintiff had not asserted sufficient personal involvement in the alleged constitutional torts on the part of defendants Kopko and Ickert to justify retaining them as defendants.  In the course of reaching the latter conclusion the Magistrate Judge considered not only facts set forth in the amended complaint, but also facts in plaintiff's brief in opposition to the Motion to Dismiss and Strike, and she based her report and recommendation in part on the conclusions that (1) supervisors have no constitutional duty to train, supervise or discipline and (2) only governmental entities may be held liable for constitutional violations proceeding from failures to do these things.

### Facts

**Original Complaint**

     Plaintiff's original complaint generally asserted a violation of the Cruel and Unusual Punishments Clause of the Eighth Amendment to the United States Constitution by all three

defendants, but set forth no facts at all with respect to defendants Larry E. Kopko and Randy J. Ickert.  The original complaint alleged that on February 4, 2004 in the Warren County, Pennsylvania Jail, plaintiff "spit at [defendant Katie L. Smith] but . . . missed.  [Defendant Smith] then took a step back and kicked [plaintiff] in the face then jump[ed] down and punched [him] and started to beat [his] head off the floor."  (Original complaint, ¶IV.C.)

**Amended Complaint**

Plaintiff's amended complaint generally asserted a cause of action pursuant to 42 U.S.C. §1983 for violation of the Cruel and Unusual Punishments Clause of the United States Constitution.  (Amended complaint, pp.2, 4)  Defendant Larry E. Kopko was identified in the amended complaint as the Sheriff of Warren County, Pennsylvania and the Warden of the Warren County Jail, "legally responsible for the overall [operation] of the . . . [W]arren [C]ounty [Jail]."  Defendant Randy J. Ickert was identified as the "[C]aptain" and "[C]orrectional Supervisor" of the Warren County Jail, "legally responsible for the operation of the [W]arren [C]ounty [Jail] and for the welfare of all the inmates of that [jail]."  Defendant Katie L. Smith, née Katie L. Avenali, was identified as a "[D]eputy [S]heriff" and [C]orrectional [O]fficer" of the Warren County Jail.  (Amended complaint, p.2)

The amended complaint alleges that on February 4, 2004 plaintiff became angry when defendant Smith, with whom he had "been having problems for over . . . two years," stared at him;  plaintiff moved toward defendant Smith and was pushed backwardly by another correctional officer, who then took plaintiff to the floor.  Defendant Smith smiled at plaintiff and he, in angered response, spit at defendant Smith, but missed.  "She then took a step back and [kicked him] in the face then jumped down and punched [him] and started to beat [his] head off

4

the floor" while two other correctional officers who are not defendants held him down. (Amended complaint, p.3)

Plaintiff alleged that he had "sent a large number of requests to [defendant] Ickert asking to have [defendant Smith] work somewhere else. Each time [plaintiff] was told ['no'] or that "[she is doing her job as ordered to do it]." (Amended complaint, p.3) On March 4, 2004 plaintiff used the Warren County Jail grievance procedure, complaining about the alleged assault on him by defendant Smith, and on March 8, 2004 he wrote to defendant Kopko, advising him he wanted to file criminal charges against defendant Smith. Plaintiff generally alleged that defendants Kopko and Ickert exhibited "deliberate indifference to plaintiff's serious needs . . . ." (Amended complaint, p. 4)

**Plaintiff's Response to Defendants' Motion to Dismiss and Strike**

Plaintiff's brief in opposition to Defendants' Motion to Dismiss and Strike asserted, "The Warren County Sheriff's Department and Warren County Prison does not train officers to engage in lawful conduct, and that they customarily refuse to punish officers who engage in [u]nlawful [c]onduct, and these practices allowed defendant [Smith] . . . to engage in the type of conduct giving rise to this claim." (p.5)

**Plaintiff's Objection to Magistrate Judge's Report and Recommendation**

Plaintiff asserted that for the two years during which he had been having "problems" with defendant Smith he had been making "every effort available to him in an attempt to put an end to the [ongoing] problems with [d]efendant [Smith]." He wrote "numerous letters to [d]efendant Kopko informing him that [p]laintiff was having problems with [defendant Smith]." Defendant Kopko responded on November 6, 2003, telling him that he had instructed defendant Ickert to

5

conduct an investigation of plaintiff's allegations. On October 24, 2002 plaintiff sent a written request to defendant Ickert to speak with him about defendant Smith. Plaintiff also spoke with other correctional officers of the Warren County Jail "about what was going on between [p]laintiff and [defendant Smith], in hope of preventing any further altercations and/or possible harm to [p]laintiff, but no preventative action was taken." (Objection, p.2; Exhibits A through C to Objection)

On March 2, 2004 plaintiff filed a Warren County Sheriff's Office/County Jail Inmate Grievance Report Form, complaining that on December 29, 2003 defendant Smith applied a belt and handcuffs too tightly to him. On March 9, 2004 defendant Ickert responded to the grievance, indicating that defendant Smith applied the belt and handcuffs tightly to ensure plaintiff did not free himself in view of "the existing problems [plaintiff had had ] with [defendant Smith]." A Sgt. Burns counseled defendant Smith about this and "instructed [her] on how to apply restraints safely and effectively [without their] being overly tight." (Objection, p.3; Exhibit D to Objection)

Plaintiff asserted that defendants Kopko and Ickert were aware of the "problems" between plaintiff and defendant Smith and took no action to protect plaintiff from defendant Smith. Plaintiff contended that their failure to act "created a policy or custom permitting and/or encouraging [defendant Smith's] actions." (Objection, pp.2-3)

### Argument

**A.     Plaintiff's claims of entitlement to certain dollar amounts of compensatory and punitive damages are in violation of W.D.PA.LR 8.1 and, therefore, should be stricken from Plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(f).**

W.D.PA.LR 8.1 provides that except in diversity cases pleadings claiming general damages unliquidated in amount shall, without claiming a specific sum, set forth only that money damages are claimed.  This is not a diversity case and, therefore, plaintiff's claims of certain amounts of compensatory and punitive damages (p.5) are in clear violation of the local rule, as conceded by plaintiff, and should be stricken from the amended complaint.

> **B.     Plaintiff's prayers for injunctive and declaratory relief should be stricken from plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(f) because plaintiff's amended complaint fails to demonstrate a reasonable likelihood of recurrence of unlawful conduct by defendants.**

Injunctive relief is not available unless plaintiff "can make a reasonable showing that he will again be subjected to the alleged illegality."  **Davis v. Thornburgh**, 903 F.2d 212, 222 (3d Cir. 1990).  The purpose of declaratory relief is to allow parties to understand their rights with respect to a concrete impending controversy so that they can adjust their conduct to avoid future damages.  **ACandS, Inc. v. Aetna Casualty and Surety Co.**, 666 F.2d 819, 823 (3d Cir. 1981).  Declaratory relief, as with injunctive relief, is unavailable where the only dispute relates to past events and plaintiff has not demonstrated that there is a reasonable likelihood of recurrence.  **Robinson v. City of Chicago**, 868 F.2d 959, 966 (7th Cir. 1989); **Utah Animal Rights Coalition v. Salt Lake City Corp.**, 371 F.3d 1248, 1265-6 (10th Cir. 2004); **Comfort v. Lynn School Committee**, 150 F.Supp.2d 285, 302, n.39 (D.Mass. 2001).

Plaintiff requests awards of compensatory and punitive damages for the alleged use of excessive force, remedies potentially available to him if he convinces a jury that he was injured through the use of such force.  He also requests injunctive and declaratory relief, but his amended complaint does not demonstrate any risk of recurrence of the same kind of conduct, or of the harassment and assaultive conduct generally described in his prayer for relief.

7

Accordingly, those requests for remedies should be stricken from his amended complaint pursuant to Fed.R.Civ.P. 12(f).

      **C.**      **Plaintiff's action against defendants Kopko and Ickert should be dismissed pursuant to Fed.R.Civ.P. 12(6) because plaintiff's amended complaint and the averments in his briefs do not allege their personal involvement in the excessive force allegedly used on plaintiff by defendant Smith.**

A defendant in a civil rights action must have been personally involved in the alleged wrongs for liability to be imposed on him; liability may not be imposed vicariously, on the mere basis that the defendant employed or supervised a wrongdoer. A supervisor can become sufficiently involved in a constitutional tort to justify the imposition of liability by personal direction, or by knowledge and acquiescence. **Rode v. Dellarciprete**, 845 F.2d 1195, 1207 (3d Cir. 1988) A supervisor who is a policymaker is subject to liability if, with deliberate indifference to the consequences, he established and maintained a policy, practice or custom that directly caused the constitutional harm. **A.M. v. Luzerne County Juvenile Detention Center**, 372 F.3d 572, 587 (3d Cir. 2004). While policymakers have no affirmative duty to train, supervise or discipline to prevent wrongful conduct, they may not with impunity affirmatively authorize, encourage or approve constitutional torts, including doing so by establishing a policy, practice or custom. **Chincello v. Fenton**, 805 F.2d 126, 133 (3d Cir.1986). The establishment of a policy, practice and custom sufficient to impose liability can involve the training, supervision and discipline of subordinates. **Stoneking v. Bradford Area School District**, 882 F.2d 720, 724-6 (3d Cir. 1989).

When deciding motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) courts generally consider only the allegations in the complaint, exhibits attached thereto, matters of public record and documents that form the basis of the claim. **Lum v. Bank of America**, 361 F.3d 217, 222,

n.3 (3d Cir. 2004). Under the notice pleading requirements of Fed.R.Civ.P. 8(a) the complaint must describe the conduct that is the basis of the claim asserted, the persons responsible for that conduct, and the time and place of its occurrence. **Evancho v. Fisher**, 423 F.3d 347, 353 (3d Cir. 2005). Dismissal for failure to state a claim is appropriate only if it "appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." **Wheeler v. Hampton Township**, 399 F.3d 238, 242 (3d Cir. 2005). Pro se complaints are to be construed liberally in an effort to do substantial justice. **Alston v. Parker**, 363 F.3d 229, 234 (3d Cir. 2004).

Plaintiff's amended complaint contains no allegations with respect to defendants Kopko and Ickert indicating that they personally participated in the alleged assault of February 4, 2004 or that they facilitated that alleged assault by knowledge and acquiescence. There are no averments indicating the alleged establishment of a policy leading to the alleged assault and the closest the amended complaint gets toward alleging a custom or practice is the allegation that plaintiff had been experiencing "problems" with defendant Smith "for over . . . two years" and defendant Ickert refused "a large number of requests" from plaintiff that defendant Smith "work somewhere else." After the alleged assault plaintiff filed a grievance concerning the assault and he informed defendant Kopko that he wanted to file a criminal complaint with respect to that incident. However, there is no indication of actual knowledge on the part of defendants Kopko or Ickert of any recurrent physical abuse of plaintiff or other prisoners by defendant Smith or other correctional officers permitting the conclusion that plaintiff has asserted a custom or practice that caused the alleged violation on February 4, 2004 of plaintiff's Eighth Amendment right to be free of cruel and unusual punishment.

It has been held that the liberal treatment of pro se plaintiffs does not alter the rule that averments of fact contained in briefs that are unsupported in the relevant record should not be considered by the court. **Eddings v. Commonwealth of Pennsylvania**, 311 F.Supp. 944, 946 (E.D.Pa. 1970); **Copus v. City of Edgerton**, 959 F.Supp. 1047, 1052 (W.D. Wisc. 1997). It has also been held that materials extrinsic to a pro se complaint should be considered to the extent that they are consistent with the complaint when considering a motion to dismiss. **Donhauser v. Goord**, 314 F.Supp.2d 119, 121 (N.D.N.Y. 2004); **Scott v. Gardner**, 287 F.Supp.2d 477, 485 (S.D.N.Y. 2003). Since Plaintiff's Response to Defendants' Motion to Dismiss and Strike and Plaintiff"s Objection to Magistrate Judge's Report and Recommendation have supplemented the facts averred in his amended complaint, those averments will be discussed hereinafter.

Plaintiff's Response to Defendants' Motion to Dismiss and Strike contains nothing but conclusory allegations that "the Warren County Sheriff's Department" and "the Warren County Prison" do not train correctional officers to engage in lawful conduct and they do not punish correctional officers who engage in unlawful conduct, allowing defendant Smith to assault plaintiff. Not only are no averments made with respect to defendants Kopko and Ickert, but the complete lack of any factual averments is in clear violation of the fundamental pleading requirements of Rule 8(a). **Evancho** at 353. Moreover, there is no indication in these averments that defendants Kopko and Ickert affirmatively authorized, encouraged or approved constitutional torts, resulting in the alleged assault on plaintiff by defendant Smith.

Plaintiff's Objection to Magistrate Judge's Report and Recommendation contains only vague assertions of "problems" and "altercations" between plaintiff and defendant Smith, of plaintiff's writing "numerous letters" to defendant Kopko advising him of the "problems," of one November 6, 2003 letter from defendant Kopko in response, of plaintiff's grievance on March 2,

2004 of defendant Smith's application of a belt and handcuffs too tightly on December 29, 2003 and of defendant Ickert's written response to that grievance.  There is no indication in these averments of any affirmative authorization, encouragement or approval by defendants Kopko and Ickert of wrongful conduct by subordinates.

There are no clear and concise factual descriptions in the amended complaint and plaintiff's two briefs of any personal involvement on the part of defendants Kopko and Ickert in the alleged assault upon plaintiff by defendant Smith on February 4, 2004.  Even the vague averments of fact and the conclusory assertions of legal responsibility do not generally implicate defendants Kopko and Ickert in any meaningful way in the alleged incident of that date.  Accordingly, it is respectfully submitted that the Court should accept the Magistrate Judge's Report and Recommendation and dismiss this action in regard to defendants Kopko and Ickert.

## Conclusion

For the foregoing reasons it is respectfully requested that the Court accept the Magistrate Judge's Report and Recommendation and (1) strike the prayers for money damages in certain amounts on page 5 of the amended complaint, (2) strike the prayers for declaratory and injunctive relief appearing on pages 4 and 5 of the amended complaint and (3) dismiss defendants Kopko and Ickert from this action.

Respectfully submitted,


/s/ James T. Marnen
James T. Marnen
PA ID No. 15858
KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
120 West Tenth Street
Erie, PA  16501-1461
General Tel:  814-459-2800
Direct Dial Tel: 814-459-9886, Ext. 203
Fax:  814-453-4530
Email: jmarnen@kmgslaw.com

Attorney for Defendants,
Larry E. Kopko, Randy J. Ickert
and Katie L. Smith, née Katie L.
Avenali

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSH L. ANDERSON, )<br>)<br>    Plaintiff )<br>)<br>  v. )<br>)<br>LARRY E. KOPKO, RANDY J. ICKERT )<br>and KATIE L. AVENALI, )<br>)<br>    Defendants ) | Civil Action No. 04-135 Erie<br><br><br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 4th day of January, 2006, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

/s/ James T. Marnen
James T. Marnen

#650311