

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSH L. ANDERSON, )<br>)<br>       Plaintiff,    )<br>)<br>-vs -              )<br>)<br>)<br>LARRY E. KOPKO, et al. )<br>)<br>       Defendants.   )<br>_____/ | CIVIL ACTION # <u>04-135 ERIE</u> |

## PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

    **COMES NOW**, Plaintiff, JOSH L. ANDERSON, in Pro Se, to respectfully submit the following Objections to Magistrate Judge's Report and Recommendation.

    On December 12, 2005, the Magistrate Judge made a recommendation that Defendant's Motion to Dismiss Kopko and Ickert be granted.

    Plaintiff OBJECTS to Magistrate Judge's recommendation and submits the following in support of.

Plaintiff's Amended Complaint states; "Officer Avenali and I have been having problems for over (2) two years now." [See Document #6, page 3, line 10]

During the two year period referred to herein, Plaintiff had made every effort available to him in an attempt to put an end to the on-going problem with Defendant Avenali.

Plaintiff wrote numerous letters to Defendant Kopko informing him that Plaintiff was having problems with Avenali. Kopko responded to one of his letters advising Plaintiff that Defendant Ickert was to initiate an investigation. [See Exhibit "A", attached hereto.] One other of many attempts to put an end to this threat was a written request to Ickert asking to speak with him about Avenali. [See Exhibit "B"]

Plaintiff also spoke with C/O Tim Hepinger, as well as other correctional officers, about what was going on between Plaintiff and Avenali, in hope of preventing any further altercations and/or possible harm to Plaintiff, but no preventative action was taken. [See Exhibit "C"]  Therefore, it is shown that Kopko and Ickert were well aware of this persisting problem between Plaintiff and Avenali, but refused to take any action in keeping Plaintiff out of harms way.

Defendant Kopko is the Sheriff of Warren County, as well as the Warden of the Warren County Prison, where these conflicts and altercations occurred, some even resulting in criminal charges filed against Plaintiff. [Willing to provide Criminal Complaint upon request.]

Plaintiff in no way believes that Kopko was unaware of the actions taken by his office for events occurring in the County Prison that he has authority over and responsibility thereof.

Also attached hereto, in support hereof, is a grievance submitted by Plaintiff against Avenali, and Ickert's response thereto. [See Exhibit "D"]

As this Honorable Court can clearly see, Ickert was fully aware of the on-going problems created by Avenali, via Plaintiff's numerous written complaints and verbal allegations. See Exhibit "D" wherein Ickert states; "Because of the existing problems you have with Officer Avenali, she did apply the restraints tight."

Plaintiff deems that Kopko and Ickert's failure to act accordingly created a policy or custom permitting and/or encouraging Avenali's actions.

**THEREFORE**, based on Plaintiff's allegations and supporting facts submitted herein, Plaintiff respectfully pray this court to reconsider Magistrate Judge's recommendation to dismiss Defendants Kopko and Ickert from Plaintiff's Complaint.

December 30, 2005
DATE

JOSH L. ANDERSON [Pro Se]
FW-6915
1 KELLEY DRIVE
COAL TOWNSHIP, PA.  17866-1021



**LARRY E. KOPKO**
**SHERIFF**

OFFICE OF THE SHERIFF
WARREN COUNTY, PENNSYLVANIA
407 Market Street
Warren, Pennsylvania 16365

TELEPHONE
(814) 723-7553
FAX
(814) 726-2113

November 6, 2003

To:      Inmate Josh Anderson
From:    Sheriff Larry E. Kopko

Subj:    Your letter

    This is to advise you that I am in receipt of your letter sent via the U.S. Mail to advise me that you are having problems with staff and that you are going to contact a whole myriad of agencies to investigate this office.

    If you wish to initiate an investigation against this institution, that is your right to do, and I assure you that we will cooperate fully with any investigation that might occur.

    I have directed the Correctional Supervisor, Captain Douglas A. Irvine and Deputy Correctional Supervisor Lieutenant Randy Ickert to initiate an investigation into the allegations that you have made. They will be contacting you for the names of the Correctional Officers that you are accusing since you failed to provide their names. I hope that you will cooperate with them fully on this investigation.

    Since you feel that you are not being treated equally at this facility, I am willing to try to make arrangements with another institution to house you until your trial date arrives, if that is something you might be interested in. Let me know your decision on this.

    Thank you for your letter. I hope to bring this situation to resolve in the very near future.

EXHIBIT - A

Serving the Residents of Warren County with Pride and Integrity

Case 1:04-cv-00135-SJM    Document 43    Filed 01/05/2006    Page 5 of 8



**WARREN COUNTY JAIL**
**INMATE REQUEST FORM**

TO: (Check One)
- ✓ Corrections Supervisor
- ___ Dep. Corrections Supervisor
- ___ Public Defender
- ___ Jail Physician (Doctor)
- ___ Counselling Office
- ___ Chaplain
- ___ Work Release Office
- ___ Other

FROM: [signature]

DATE: 10-29-02

State your request or problem. BE SPECIFIC!

I Need to Speak to you office can only Tom to you office As S.O. Please can me down to you office As S.O. Please for a few minutes. Told him I would talk w/ officer Lavender

If you are unsure who to contact, ask the Shift Supervisor.
(Form IRF RE. 5/95)

EXHIBIT - B

**Avenali, Kate**

| | |
|---|---|
| From: | Hepinger, Tim |
| Sent: | Thursday, October 24, 2002 1:37 PM |
| To: | Avenali, Kate; Burns, Robert; Ickert, Randy |
| Subject: | JOSH ANDERSON |

I DON'T KNOW WHAT IS GOING ON WITH JOSH WANTING TO TALK TO KATIE, BUT COULD THE THREE OF YOU GET ON THE SAME PAGE OF MUSIC AND LET HIM KNOW. HE IS GETTING DIFFERENT STORIES AND WOULD LIKE ONE ANSWER, WHATEVER IS DECIDED.

THANKS,
HEPINGER

*EXHIBIT - C*

1

FORM J-16

**WARREN COUNTY SHERIFF'S OFFICE / COUNTY JAIL**
**INMATE GRIEVANCE REPORT FORM**

TO BE COMPLETED BY AN INMATE INCARCERATED IN THE COUNTY JAIL TO SUBMIT A COMPLAINT CONCERNING THE CARE, CUSTODY, OR CONTROL PROCEDURES ADMINISTERED BY THE JAIL. A COPY OF THE JAIL POLICIES AND PROCEDURES FOR HANDLING INMATE COMPLAINTS IS FILED IN EACH GUARD STATION AND IS AVAILABLE FOR YOUR EXAMINATION UPON REQUEST.

COMPLAINTS CONCERNING SENTENCES, PAROLE AND PROBATION OR PROCEDURES OF OTHER CRIMINAL JUSTICE AGENCIES MUST BE SUBMITTED DIRECTLY TO THAT AGENCY.

Name of Complainant: Josh Anderson
Block and Cell No.: Max 134

Name of Employee if Complaint pertains to an Individual: Officer Katie L. Avenali

1. Describe your complaint, state the facts including date, time, and place of occurrence. Use additional paper if necessary. List any witnesses and how and where they can be contacted.

On 12-29-03 Officer Avenali came to get me for a visit. After putting my hand cuffs and Belt on she made the Belt as tight as she could. Then after going threw the (6) six doors she stopped me and tightened my hand cuffs so they could go no tighter.

Witnesses - Officer Breon and Sgt. Bruns.

2. Describe the specific solution or remedy desired by you.

Just showing the type of things she does to get me upset!

Date of this Complaint: 3-2-04

Signature of Complainant: [signed]

DISPOSITION OF THIS COMPLAINT WILL BE NOTED ON THE BACK OF THIS FORM AND A COPY WILL BE RETURNED TO THE INMATE.

EXHIBIT - D1

## DISPOSITION

(X) EXONERATED – the alleged conduct occurred but it was lawful and proper;

( ) UNFOUNDED – the complaint was false or unfounded;

( ) NON SUSTAINED – there was insignificant evidence to prove or disprove the allegation;

( ) SUSTAINED – the allegation was supported by proper and sufficient evidence;

EXPLANATION:

The handcuffs and belt were applied tight as verified by Sgt. Burns when he checked and loosened them. But they were not cutting off your blood flow to your hands. Officers observed you pushing down on the cuffs leaving marks on your wrists. Because of the existing problems you have with Officer Avenali, she did apply the restraints tight as to make sure you could not manipulate or free your hands from the cuffs. Officers are instructed to take extra security precautions when dealing with you and that is what she did.

ACTION TAKEN OR TO BE TAKEN:

Officer Avenali was counseled by Sgt. Burns the same night this occured and was instructed on how to apply restraints safely and effectivly with out them being overly tight.

Signature of Correctional Supervisor or Sheriff    EXHIBIT - D2    3/9/04 Date