IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
JOSH L. ANDERSON,         )
                          )
         Plaintiff,       )
                          )
   -vs-                   )          CIVIL ACTION # 04-135-ERIE
                          )
                          )
LARRY E. KOPKO, et al.,   )
                          )
         Defendants.      )
_____/
```

### PLAINTIFF'S RESPONSE TO DEFENDANTS OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

**COMES NOW**, Plaintiff, JOSH L. ANDERSON, in Pro Se, to respectfully submit the following Response to Defendant Smith's Objections to Plaintiff's First Set of Interrogatories.

In Plaintiff's First Set of Interrogatories to Defendant Smith (then Avenali), Plaintiff submitted fifteen (15) written questions in which the defendant objected to questions number 2, 7, 10, 11, and 13.

[ 1 ]

Plaintiff's Interrogatories that were objected to are listed as follows in their entirety, as well as Plaintiff's arguments in opposition thereof.

**INTERROGATORY NO. 2:** Identify and attach a copy of any and all documents relating to your education.

### DEFENDANT SMITH'S ANSWER

Objection. These documents are not relevant to the subject matter involved in this action and this request is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, producing copies of the documents requested would involve annoyance, undue burden and expense. Not withstanding this objection, the following information is provided: Katie L. Smith is a High School graduate and she received a certificate of completion after attending the Pennsylvania State Department of Corrections Academy.

### PLAINTIFF'S ARGUMENT

Plaintiff argues that Smith's education and training is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff believes that throughout Smith's education and training, that of which is required to be a Correctional Officer and Deputy Sheriff, Smith has been trained and instructed on procedures when dealing with inmates.

**INTERROGATORY NO. 7:** When did you and the Plaintiff Josh L. Anderson start to have problems?

### DEFENDANT SMITH'S ANSWER

Objection. This interrogatory is vague to the discovery of admissible evidence. Notwithstanding this objection, On May 9, 2003 Josh L. Anderson made a verbal threat of physical harm to Katie L. Smith.

### PLAINTIFF'S ARGUMENT

Plaintiff argues that the long list of problems are relevant to the discovery of admissible evidence. Plaintiff stated in his Amended Complaint, "Officer Avenali and I have been having problems for over (2) two years now." The date of May 9, 2003, sited by Defendant is only nine (9) months before the date of the incident giving rise to this claim. Plaintiff believes that Smith is fully aware of the start of a long list of problems going back over two (2) years from the date of the incident on February 4, 2004. This information is important to Plaintiff's claim. It will show that February 4, 2004 was not the first conflict and that it would have been impossible for Defendants Kopko and Ickert to be unaware of a constant and growing problem between Plaintiff and Defendant Smith.

**INTERROGATORY NO. 10:** Do you have or had any thoughts about the Plaintiff Josh L. Anderson? [ ] Positive or Negative [ ]

### DEFENDANT SMITH'S ANSWER

Objection. This interrogatory is not relevant to the subject matter involved in this action and it is not reasonably calculated to lead to the discovery of admissible evidence.

### PLAINTIFF'S ARGUMENT

Plaintiff argues that this question is relevant to the subject matter involved in this action and that it is calculated to lead to the discovery of admissible evidence. Plaintiff believes that Smith's current, or prior, thoughts about Plaintiff will lead to the frame of mind of Defendant Smith on February 4, 2004.

**INTERROGATORY NO. 11:** What do you think of the problems between you and the Plaintiff Josh L. Anderson?

### DEFENDANT SMITH'S ANSWER

Objection. This interrogatory is not relevant to the subject matter involved in this action and it is not reasably calculated to lead to the discovery of admissible evidence.

### PLAINTIFF'S ARGUMENT

Plaintiff argues that this question is relevant to the subject matter and that it will lead to the discovery of admissible evidence. Plaintiff believes that the long list of on-going problems between Plaintiff and Smith, plus Defendants Kopko and Ickert's failure to act, allowed Smith to believe that it was a one-sided conflict and that she was doing nothing wrong.

**INTERROGATORY NO. 13:** What were your orders in dealing with Plaintiff Josh L. Anderson?

### DEFENDANT SMITH'S ANSWER

Objection. This interrogatory is not relevant to the subject matter involved in this action, it is not reasonably calculated to lead to the discovery of admissible evidence and answering the interrogatory would subject Katie L. Smith to annoyance, undue burden and expense. Notwithstanding this objection, over time the superiors of Katie L. Smith have issued many orders dealing with Josh L. Anderson, none of which relate to the allegations by Josh L. Anderson that on February 4, 2004 Katie L. Smith kicked him in the face, punched him and beat his head off the floor.

## PLAINTIFF'S ARGUMENT

Plaintiff argues that this question is reasonably calculated to lead to the discovery of admissible evidence and answering the interrogatory would not subject Katie L. Smith to any form of annoyance, undue burden or expense. Plaintiff believes that the orders passed down by Smith's superiors will show that over time Defendant Smith was ordered to continue, or end, actions towards Plaintiff, or that Smith acted of her own free will.

**WHEREFORE,** Plaintiff asks this Honorable Court for an Order directing Defendant Katie L. Smith to answer the Interrogatories that were objected to.

DATED, this 2 day of January, 2006.

Respectfully submitted,

JOSH L. ANDERSON [Pro Se]
FW-6915
1 KELLEY DRIVE
COAL TOWNSHIP, PA  17866-1021