IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSH L. ANDERSON,                )
                                        )
        Plaintiff            )
                                          )
     v.                     )
                                        )  Civil Action No.  04-135 Erie
LARRY E. KOPKO, RANDY J. ICKERT  )
and KATIE L. AVENALI,           )
                                        )
        Defendants     )  **JURY TRIAL DEMANDED**

**BRIEF IN SUPPORT OF DEFENDANT SMITH'S RESPONSE TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S OBJECTIONS TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANT**

Defendant Katie L. Smith, née Katie L. Avenali, respectfully submits the following Brief

in Support of Response to Plaintiff's Response to Defendant's Objections to Plaintiff's First Set of

Interrogatories to Defendant.

**Issues**

A.     Whether Interrogatory 2 is relevant to the subject matter
involved in this action and this request is reasonably
calculated to lead to the discovery of admissible evidence
and whether answering the same would subject defendant
Smith to annoyance, undue burden and expense.

B.     Whether Interrogatory 7 is vague to the point of not being
reasonably calculated to lead to the discovery of admissible
evidence.

C.     Whether Interrogatory 10 is relevant to the subject matter
involved in this action and reasonably calculated to
lead to the discovery of admissible evidence.

D.     Whether Interrogatory 11 is relevant to the subject matter
involved in this action and reasonably calculated to
lead to the discovery of admissible evidence.

E.     Whether Interrogatory 13 is relevant to the subject matter
involved in this action and reasonably calculated to lead
to the discovery of admissible evidence, and whether

answering the interrogatory would subject defendant
Smith to annoyance, undue burden and expense.

**Facts**

On October 20, 2005 plaintiff Josh L. Anderson served Plaintiff's First Set of

Interrogatories to Defendant on defendant Katie L. Smith, née Katie L. Avenali, and on

December 12, 2005, plaintiff filed a Motion for an Order Compelling Discovery.  On

December 12, 2005 the Court issued an Order compelling service of answers to the

interrogatories on or before December 22, 2005.

On December 22, 2005 defendant Smith served on plaintiff Answers and Objections to

Plaintiff's First Set of Interrogatories to Defendant and, on January 5, 2006, plaintiff filed

Plaintiff's Response to Defendant's Objections to Plaintiff's First Set of Interrogatories to

Defendant, contending that defendant Smith should be required to answer interrogatories 2, 7,

10, 11 and 13:

> 2.      IDENTIFY AND ATTACH A COPY OF ANY AND
> ALL DOCUMENTS RELATING TO YOUR EDUCATION AND
> TRAINING.
>
> ANSWER:     Objection.  These documents are not relevant to the
> subject matter involved in this action and this request is not reasonably
> calculated to lead to the discovery of admissible evidence.  Moreover,
> producing copies of the documents requested would involve annoyance,
> undue burden and expense.  Notwithstanding this objection, the following
> information is provided:  Katie L. Smith is a high school graduate and she
> received a certificate of completion after attending the Pennsylvania State
> Department of Corrections Academy.
>
> 7.      WHEN DID YOU AND THE PLAINTIFF JOSH L.
> ANDERSON START TO HAVE PROBLEMS?
>
> ANSWER:     Objection.  This interrogatory is vague to the point
> of not being reasonably calculated to lead to the discovery of admissible
> evidence.  Notwithstanding this objection, on May 9, 2003 John L.
> Anderson made a verbal threat of physical harm to Katie L. Smith.

10.    DO YOU HAVE OR HAD ANY THOUGHTS ABOUT THE PLAINTIFF JOSH L. ANDERSON?  [ ]  POSITIVE OR NEGATIVE [ ]

ANSWER:    Objection.  This interrogatory is not relevant to the subject matter involved in this action and it is not reasonably calculated to lead to the discovery of admissible evidence.

11.    WHAT DO YOU THINK OF THE PROBLEMS BETWEEN YOU AND THE PLAINTIFF JOSH L. ANDERSON?

ANSWER:    Objection.  This interrogatory is not relevant to the subject matter involved in this action and it is not reasonably calculated to the lead to the discovery of admissible evidence.

13.    WHAT WERE YOUR ORDERS IN DEALING WITH THE PLAINTIFF JOSH L. ANDERSON?

ANSWER:    Objection.  This interrogatory is not relevant to the subject matter involved in this action, it is not reasonably calculated to the lead to the discovery of admissible evidence and answering the interrogatory would subject Katie L. Smith to annoyance, undue burden and expense.  Notwithstanding this objection, over time the superiors of Katie L. Smith have issued many orders dealing with Josh L. Anderson, none of which relate to the allegation by Josh L. Anderson that on February 4, 2004 Katie L. Smith kicked him in the face, punched him and beat his head off the floor.


**Argument**

**A.    Interrogatory 2 is not relevant to the subject matter involved in this action and this request is not reasonably calculated to lead to the discovery of admissible evidence, and answering Interrogatory 2 would subject defendant Smith to annoyance, undue burden and expense.**

Plaintiff's amended complaint alleges that on February 4, 2004 plaintiff spit at defendant Smith but missed, and defendant Smith responded by stepping backwardly, kicking plaintiff in the face, punching him and beating his head on the floor.  On the basis of these alleged facts, plaintiff asserts a cause of action pursuant to **42 U.S.C. §1983** for violation of the Cruel and Unusual Punishments Clause of the United States Constitution.  Obviously this is a contention that on February 4, 2004 defendant Smith used excessive physical force on plaintiff.  In such

cases the essential issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." **Hudson v. McMillian**, 503 U.S.1, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992).

**Fed. Rule of Civil Procedure 26(b)(1)** provides that "[p]arties may obtain discovery regarding any matter . . . that is relevant to the claim or defense of any party" and that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." **Rule 26(b)(2)** provides that the "extent of use of the discovery methods otherwise permitted . . . shall be limited by the court if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." **Federal Rule of Evidence 401** states that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence."

Questions concerning the scope of discovery are committed almost exclusively to the sound discretion of the district court. **Howze v. Jones & Laughlin Steel Corp.**, 750 F.2d 1208, 1213 (3d.Cir. 1984). Discovery requests are deemed relevant "if there is any possibility that the information may be useful in the preparation of the case, even though not directly admissible in evidence." **Stabilus v. Haynsworth, Baldwin, Johnson and Greaves**, 144 F.R.D. 258, 265 (Ed.Pa. 1992). The party resisting discovery bears the burden of persuasion on its objections. **Hicks v. Big Brothers/Big Sisters of America**, 168 F.R.D. 528, 529 (Ed.Pa. 1996).

Plaintiff alleges that defendant Smith maliciously and sadistically assaulted him. His allegations raise no issues of judgment on the part of defendant Smith and do not implicate the details of the nature and extent of her education and training. The documents requested not only

do not relate to any issue of consequence to the determination of this action, but there is no possibility that having copies of transcripts, diplomas and other documents relating to the details of defendant Smith's education and training would be useful in the preparation of this case.

Defendant Smith not only objected to this interrogatory, but she provided an answer thereto by stating that she is a high school graduate and she has a certificate of completion from the Pennsylvania State Department of Corrections Academy. There is nothing more the plaintiff needs to know about defendant Smith's education and training to prosecute this action and requiring defendant Smith to search for, copy and produce every document relating to her education and training, from kindergarten through her completion of the Corrections Academy course, would impose a burden on her wholly disproportionate to any benefit that conceivably could be derived and, therefore, plaintiff's motion to compel discovery as it relates to Interrogatory 7 should be denied.

> **B.    Interrogatory 7 is vague to the point of not being reasonably calculated to lead to the discovery of admissible evidence.**

The use of the word "problems" is vague and, therefore, defendant Smith objected to this interrogatory on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant Smith followed her objection with an attempt at an answer to the interrogatory, indicating that on May 9, 2003 plaintiff made a verbal threat of physical harm to her. Plaintiff's motion to compel discovery does not take the position that defendant Smith has failed to answer the interrogatory, or that her answer is unresponsive; instead, he asserts that he disagrees with the content of the answer. Obviously such a contention is not a genuine discovery dispute but, instead, it presents a factual issue for resolution by a jury, if the court determines at trial that the information is relevant. Accordingly, plaintiff's motion to compel discovery in regard to Interrogatory 7 should be denied.

C.     **Interrogatory 10 is not relevant to the subject matter involved in this action and it is not reasonably calculated to lead to the discovery of admissible evidence.**

Interrogatory 10 is even more vague than Interrogatory 7, to the point of not being reasonably calculated to lead to the discovery of admissible evidence.  Accordingly, plaintiff's motion to compel discovery in regard to Interrogatory 10 should be denied.

D.     **Interrogatory 11 is not relevant to the subject matter involved in this action and it is not reasonably calculated to lead to the discovery of admissible evidence.**

Interrogatory 11 is also vague and, therefore, not a proper interrogatory.  Accordingly, plaintiff's motion to compel discovery in regard to Interrogatory 11 should be denied.

E.     **Interrogatory 13 is not relevant to the subject matter involved in this action and it is not reasonably calculated to lead to the discovery of admissible evidence, and answering Interrogatory 13 would subject defendant Smith to annoyance, undue burden and expense.**

The overbreadth of Interrogatory 13 renders it irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  To the extent that Interrogatory 13 is relevant, defendant Smith answered it, indicating that while over time the superiors of defendant Smith have issued many orders dealing with plaintiff, none of those orders relate to the allegation by plaintiff that on February 4, 2004 defendant Smith kicked him in the face, punched him and beat his head off the floor, which incident is the subject of this action.  Therefore, plaintiff's motion to compel discovery should be denied in relation to Interrogatory 13.

**Conclusion**

For the reasons set forth above, plaintiff's Interrogatories 2, 7, 10, 11 and 13 directed to defendant Katie L. Smith, née Katie L. Avenali, are not proper requests for information under

Federal Rule of Civil Procedure 26 and, therefore, plaintiff's motion to compel discovery

(Plaintiff's Response to Defendant's Objections to Plaintiff's First Set of Interrogatories to

Defendant) should be denied.


                                                    Respectfully submitted,


                                                    /s/ James T. Marnen
                                                    James T. Marnen
                                                    PA ID No. 15858
                                                    KNOX McLAUGHLIN GORNALL &
                                                    SENNETT, P.C.
                                                    120 West Tenth Street
                                                    Erie, PA  16501-1461
                                                    General Tel:  814-459-2800
                                                    Direct Dial Tel: 814-459-9886, Ext. 203
                                                    Fax:  814-453-4530
                                                    Email:  jmarnen@kmgslaw.com

                                                    Attorney for Defendants,
                                                    Larry E. Kopko, Randy J. Ickert and
                                                    Katie L. Smith, née Katie L. Avenali

#651093

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSH L. ANDERSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No.  04-135 Erie |
| LARRY E. KOPKO, RANDY J. ICKERT | ) | |
| and KATIE L. AVENALI, | ) | |
| | ) | |
| Defendants | ) | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of January, 2006, a copy of the

within document was served on all counsel of record and unrepresented parties in accordance

with the applicable rules of court.


                                        /s/ James T. Marnen
                                        James T. Marnen


#651093

8