IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Josh L. Anderson,
    plaintiff,
    V.                  CIVIL ACTION NO. 04-135 Erie

Larry E. Kopko, et al.,
    defendants.

FILED '06 MAR -2 AM 10:02

## PLAINTIFF'S RESPONSE TO DEFENDANT SMITH'S RESPONSE
## TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

    Plaintiff Josh L. Anderson, respectfully submits the following Response to Defendant Smith's Response to Plaintiff's First Request for Production of Documents.

    In plaintiff's first request for production of documents, plaintiff submitted nine (9) individually numbered requests, towit, defendant Smith, Objected to numbers 1-7 and 9. (Copies of Request and Defendant Smith's Response are attached hereto.)

### ARGUMENTS

    1. Plaintiff asserted in his amended complaint "Officer Avenali and I have been having problems for over two (2) years now", furthermore, plaintiff has observed defendant Smith making personal notes during a large number of our conflicts. Plaintiff believes that defendant Smith is still in receipt of those notes. Notwithstanding plaintiff's Argument, defendant did produce a hand written note by defendant, however, the note was that of a Victims Impact Statement which was addressed and read to the Warren County Court of Common Pleas, 37th Judicial District of Pennsylvania, on November 18, 2004.

2. Plaintiff admits that the request is broad and as to that, plaintiff was an inmate of the Warren County Prison for over three (3) years and of that time there has been a number of conflicts between plaintiff and other Officers including defendant Smith. Each incident is reported by one or more of the requested means, plaintiff requested to inspect and copy these documents because plaintiff believes that the documents in question will allow plaintiff to fulfill the vagueness of plaintiff's amended complaint. Notwithstanding plaintiff's Argument, defendant did produce a number of documents/memos relating to the events of February 4, 2004 from all Correctional Officers involved, as well, defendant did produce documents/memos relating to any "separation order" with respect to plaintiff and defendant.

3. Plaintiff is aware of other grievances filed by him and other inmates relating to defendant Smith's conduct from November 2001 through 2004, however, plaintiff is unclear as to grievances and/or complaints filed by Correctional Staff, plaintiff is aware of a nick-name given to defendant Smith by other Correctional Officers. Plaintiff believes at some point a report/memo was filed as to the events leading to defendant Smith receiving the nick-name.

4. Plaintiff believes that the Warren County Prison's Code of Conduct and Ethics will allow plaintiff to show that defendant Smith went beyond the proscribed conduct of a Warren County Correctional Officer during each of the many altercations (problems). Notwithstanding plaintiff's Argument, defendant did make an attempt at producing documentation relating to plaintiff's request but only provided plaintiff with, Inmate Complaint Procedure and a copy of Policy/Procedure/Directive for Post Operations-General.

6. The desk log of A-Block Maximum is a hand written log of each movement and/or problem to inform other Officers of the current or past condition of the block, plaintiff and defendant Smith have had a large number of conflicts most of which are written down in those log books. See argument to Objection of request 1, furthermore, defendant did produce a copy of the jail desk log on 12-22-05, as to that, the desk log produced by defendant on that date was that of the Sergeant's desk and not that of A-Block Maximum as requested by plaintiff.

7. As with the log books the isolation logs will show that February 4, 2004 was not the first conflict between plaintiff and defendant Smith. Notwithstanding plaintiff's Argument, defendant did produce a copy of part of the February 4, 2004 isolation log for plaintiff, however, plaintiff requested isolation logs for the year of 2002 through 2004.

9. Plaintiff's Warren County Prison inmate file/record, contains to plaintiff's belief, all incidents in which plaintiff has been involved in while an inmate of the Warren County Prison, defendant Smith had full access and opportunity to read, add or remove any information contained in plaintiff's inmate file/record. Plaitiff believes this contributed to the frame of mind of defendant Smith on February 4, 2004 and all prior conflicts.

WHEREFORE, plaintiff asks this Honorable Court for an order directing defendant Katie L. Smith to produce the documents requested by plaintiff for inspection and/or copying.

FEBRUARY 27, 2006

                                        RESPECTFULLY SUBMITTED,

                                        JOSH L. ANDERONSON
                                        INMATE# FW-6915
                                        1 KELLEY DRIVE
                                        COAL TOWNSHIP, PA 17866-1021

(4)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Josh L. Anderson
   plaintiff

V.    CIVIL ACTION NO. 04-135 Erie

Larry E. Kopko, et al.
   defendants

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 27 day of February, 2006, a copy of the within document was sent via U.S. First class mail to all parties and counsel of record.

*[signature]*

JOSH L. ANDERSON
FW-6915
1 KELLEY DRIVE
COALTOWNSHIP, PA 17866-1021