IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Josh L. Anderson
   plaintiff,

    V.                      CIVIL ACTION NO. 04-135 Erie

Larry E. Kopko, et al.
   defendants.

**BRIEF IN SUPPORT OF PLAINTIFF'S REQUEST
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

    Plaintiff Josh L. Anderson respectfully submits the following Brief in Support of Plaintiff's Request for Leave to File Second Amended Complaint.

### I S S U E S

    A. Whether plaintiff can overcome deficiencies of first amended complaint by filing Second Amended Complaint.

    B. Whether plaintiff can provide a greater fullness of detail to the force used by defendant Katie L. Avenali.

    C. Whether misnomer rules apply to defendant's changed surname.



# FACTS

On May 19, 2004, plaintiff Josh L. Anderson initiated this action by filing a Pro Se complaint in the United States District Court for the Western District of Pennsylvania against defendants Larry E. Kopko, Randy J. Ickert and Katie L. Avenali.

On June 24, 2004, plaintiff filed an amended complaint entitled "complaint" in an attempt to provide the facts of plaintiff's claim in a manner that is easiest to read and understand.

Plaintiff's first amended complaint asserted a vague and incomplete listing of the facts as to the events of February 4, 2004, and the events leading up to.

# STANDARD OF REVIEW

Federal rules respecting amendments to pleadings should be given a liberal construction so that cases are decided on the merits rather then on bare pleadings. **Fuhrer V. Fuhrer**, C.A.Ind. 1961, 292 F.2d 140. Amendments to pleadings should be freely allowed when interest of justice would be served, but amendments should not be allowed merely to permit a restatement of the same facts in different language or the reassertion of a claim previously determined. **Kasey V. Molybdenum Corp. of America**, C.A.Cal. 1972, 467 F.2d 1282. Plaintiff would be permitted to amend complaint claiming intentional infliction of emotional distress to extend she sought to add factual allegations that could apply to those claims, though original complaint was filed more then four years previous, where action was still in discovery and no useful purpose would be served by denying leave to amend. **English V. General Elec. Co.**, E.D.N.C 1991, 765 F.Supp. 293. Pro Se litigant must be given leave to amend his or her complaint unless it is absolutely clear that deficiencies of complaint could not be cured by amendment. **Noll V. Carlson**, C.A.9(Cal.) 1987, 809 F.2d 1446. Where plaintiff may assert a valid claim, even if inartfully stated, liberal approach of

Federal Rules require that plaintiff be given opportunity to state a claim and have it considered on merits at trial or on motion for summary judgement. **Dussouy V. Gulf Coast Inv. Corp.**, C.A.La. 1981, 660 F.2d 594. There is a difference between correcting misnomer and changing party and misnomer may be corrected under amendment powers expressed in this rule. **Wentz V. Alberto Culves Co.**, D.C.Mont. 1969, 294 F.Supp. 1327.

## ARGUMENT

Pursuant to **Rule 15(c)(2)** and **15(c)(3)**, an amendment of a pleading relates back to the date of the original pleading when the claim or defence asserted in the amended pleading arose out of the conduct, transaction, or the amendment changes the party or the naming of the party against whom a claim is asserted. Federal Rules respecting amendments to pleadings should be given a liberal construction so that cases are decided on the merits rather then on bare pleadings. **Fuher V. Fuher**, C.A.Ind. 1961, 292 F.2d 140.

> A. Whether plaintiff can overcome deficiencies of first amended complaint by filing Second Amended Complaint.

Amendments should be freely given to avoid delay or complete frustration of a determination of a case on merits. **DeFrance V. U.S.**, D.C.Cal. 1955, 18 F.R.D. 156. As general rule, an amended complaint supersedes and replaces the original complaint, unless the amendment specifically refers to or adopts the earlier pleading. **Wilson V. First Houston Inv. Corp.**, C.A.Tex. 1978, 566 F.2d 1235. Privilege of amending pleadings

Case 1:04-cv-00135-SJM   Document 65   Filed 05/22/2006   Page 4 of 7

of right survives filing of either motion to dismiss or motion for summary judgement. **Hagee V. City of Evanston**, D.C.Ill. 1982, 95 F.R.D. 344.

Plaintiff's first amended complaint asserted a claim against defendant Katie L. Avenali, pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 (section 1983), and the Cruel and Unusual Punishment Clause of the Eight Amendment to the United States Constitution. Plaintiff asserted only a brief listing of the events leading defendant to use such force. Plaintiff can now overcome such deficiencies and assert a list of facts that is clear and easy to understand.

       B. Whether plaintiff can provide a greater fullness of detail to the force used by defendant Katie L. Avenali.

Plaintiff may amend complaint only to add matters which it would otherwise have been proper to include in the original complaint. **Martinez V. Safeway Stores, Inc.**, D.C.Cal. 1975, 66 F.R.D. 466. The "original pleading," for purpose of determining whether amendment relates back, does not mean only the first petition filed but includes all timely petitions, original or amended. **U.S. V. Northern Paiute Nation**, 1968, 393 F.2d 786, 183 Ct.Cl. 321. Second amendment relates back to date of original complaint and prevented action from being barred by two-year limitation period even though there was complete change in plaintiff's legal theory, where claim continued to arise out of conduct, transaction or occurrence set forth in original complaint. **U.S. V. Johnson**, C.A.Tex. 1961, 288 F.2d 40.

Plaintiff's first amended complaint is vague to the point that plaintiff only listed that "Officer Avenali and I have been having problems for over two years now," but listed no example as to the type "problems." Plaintiff also asserted a vague detail of

(4)

the facts relevant to a proper claim of entitlement, bywhich plaintiff stated "she then took a step back and kicked me in the face then jumped down and punched me and started to beat my head off the floor."

Plaintiff's second amended complaint lists a greater fullness of the events on February 4, 2004, the force used by defendant Avenali and examples of the type of conduct leading to the events giving rise to claim.

### C. Whether misnomer rules apply to defendant's changed surname.

An amended complaint changing the name of a party relates back to the date of the original pleading if defendant is notified of the action within the limitations period. **Ramirez V. Burr**, D.C.Tex. 1984, 607 F.Supp. 170. Under this rule, amendment merely correcting name of party defendant will relate back to date of original complaint and may properly be made after expiration of period limited by merely procedural statute of limitations. **Lomax V. U.S.**, D.C.Pa. 1957, 155 F.Supp. 354.

Plaintiff's first amended complaint asserted a claim against Katie L. Avenali, since the filing of plaintiff's first amended complaint defendant Avenali's surname has changed from Avenali to Smith as a result of marriage.

### C O N C L U S I O N

Plaintiff believes that he has asserted a sound reason why he should be granted Leave to file Second Amended Complaint.

**WHEREFORE**, plaintiff prays that this court grant leave to file second amended complaint.

                                                      RESPECTFULLY SUBMITTED

                                                      JOSH L. ANDERSON
                                                      INMATE# FW-6915
                                                      1 Kelley Drive
                                                      Coal Township, PA 17866-1021

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Josh L. Anderson,
    plaintiff,

V.                                              CIVIL ACTION NO. 04-135 Erie

Larry E. Kopko, et al.,
    defendants.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 17th. day of May, 2006, a copy of the within document was sent to all counsel and parties of record by way of First Class U.S. Mail.

_____
JOSH L. ANDERSON