IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSH L. ANDERSON, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) ) Civil Action No. 04-135 Erie |
| LARRY E. KOPKO, RANDY J. ICKERT and KATIE L. AVENALI, | ) ) ) |
| Defendants | ) **Jury Trial Demanded** |

**DEFENDANT'S RESPONSE TO MOTION FOR SANCTIONS**

Defendant Katie L. Smith, née Katie L. Avenali, respectfully submits the following Defendant's Response to Motion for Sanctions.

1.  This action was filed on June 24, 2004, but service of process was not accomplished until May 6, 2005. On December 22, 2005 defendant Katie L. Smith, née Katie L. Avenali, filed her Answer to Amended Complaint and on January 6, 2006 the United States District Judge granted the Motion to Dismiss of defendants Larry E. Kopko and Randy J. Ickert, adopting the Report and Recommendations of the United States Magistrate Judge.

2.  On January 10, 2006 the United States Magistrate Judge issued a case management order, closing discovery on May 10, 2006 and requiring the filing of pretrial statements by May 30, 2006 (plaintiff) and June 19, 2006 (defendant).

3.  On April 21, 2006 the parties filed a Joint Motion for Extension of Time to Complete Discovery, requesting an extension of 61 days to July 10, 2006. On May 10, 2006 the Magistrate Judge issued an order granting the motion in part, extending discovery to May 22, 2006, but not extending the time for filing pretrial statements.

4. On January 16, 2006 plaintiff served Plaintiff's First Request for Production of Documents, paragraph 3 of which requested the production of '[a]ny and all grievances and/or complaints filed, or submitted, by plaintiff Josh L. Anderson, or any other non-party individual, i.e. [i]nmate and or [c]orrectional staff, against defendant Katie L. Smith from October 29, 2001, to present." On February 20, 2006 defendant served a response to this first document request, her response to paragraph 3 being an objection that the request was overly-broad and, to that extent, was not relevant to the subject matter involved in the action, and it was not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the objection, copies of grievances filed by plaintiff with respect to defendant were produced.

5. On March 9, 2006 plaintiff filed Plaintiff's Request for a Discovery Conference and the Magistrate Judge scheduled a conference on March 23, 2006. At the time of the conference the Magistrate Judge treated plaintiff's Request as a motion to compel discovery and issued an order dated March 23, 2006 compelling the production of a number of documents not previously produced, including the remainder of the documents covered by paragraph 3 of Plaintiff's First Request for Production of Documents, without stating when the documents were to be produced.

6. On April 11, 2006 defendant's counsel was informed by the chief administrator of the Warren County Jail that complaints by prisoners concerning correctional officers are filed solely in the complaining prisoners' files and complaints were not indexed in any way; therefore, responding to paragraph 3 of Plaintiff's First Request for Production of Documents would require manually searching the files of every prisoner at Warren County Jail during the relevant time period (October 29, 2001 to April 11, 2006). The total number of prisoners in Warren County Jail during that time period was 3,325.

      7.     Warren County Jail is short of staff and could not spare more than one person to make such a search. If manually looking in each prisoner's file took one minute, the search alone would last 55 hours, or almost seven eight-hour days. If it took five minutes, it would last 277 hours, or almost 35 eight-hour days.

      8.     On April 20, 2006 plaintiff and defendant's counsel discussed the outstanding discovery issues, agreeing to file a joint motion to extend discovery. One of the issues discussed was the burden and expense associated with paragraph 3 of plaintiff's first document request. Plaintiff expressed sympathy with the burden and expense and promised to consider the matter further in an effort to arrive at a more convenient way to request copies of complaints about defendant Smith without making a blanket request, i.e. to narrow his request to get at the information he was seeking.

      9.     On May 10, 2006 the parties learned that they had only twelve days to complete discovery, the Magistrate Judge issuing her order of that date extending discovery twelve days. Immediately efforts were made to schedule depositions desired by the parties and those depositions were taken on May 18, 19 and 22, 2006: nine depositions were taken by plaintiff and one was taken by defendant. Those depositions were arranged by defendant's counsel and were held by telephone, the witnesses being deposed by plaintiff appearing in an office in Warren, Pennsylvania, while plaintiff questioned them from the State Correctional Institution at Coal Township, Pennsylvania. Defendant's counsel questioned plaintiff by telephone from Warren, Pennsylvania with plaintiff at SCI Coal Township.

      10.    On May 16, 2006 defendant's counsel and plaintiff had a telephone conversation during which they discussed the upcoming depositions and other discovery issues. Defendant's counsel stated to plaintiff that he was still waiting for plaintiff to respond with his promised

revised proposal concerning the production of complaints by others about defendant Smith. Plaintiff stated that he had not completed his consideration of that issue and, therefore, was not in a position to discuss the matter further.

11.     It was defendant's counsel's intention to file a motion for reconsideration of the Magistrate Judge's March 23, 2006 order if the parties could not agreed on a modification of that order to be presented to the Magistrate Judge that would not be unduly burdensome and expensive.

12.     On May 30, 2006 plaintiff filed his pretrial statement and on June 9, 2006 defendant's counsel filed defendant's pretrial statement.  On June 21, 2006 the United States Magistrate Judge issued an order referring this action back to the United States District Judge, on June 21, 2006 the District Judge issued an order scheduling this matter for trial during the jury term commencing on August 7, 2006 and on June 28, 2006 a pretrial conference was scheduled for July 10, 2006.

13.     Plaintiff's pretrial statement does not list as exhibits any complaints made about defendant by persons other than plaintiff.

14.     On June 29, 2006 plaintiff filed his Request for Sanctions Against Defendant in regard to defendant's failure to produce copies of complaints about defendant Smith in response to the third paragraph of Plaintiff's First Request for Production of Documents.  This was the first communication from plaintiff to defendant's counsel since their May 16, 2006 telephone conversation about the complaints about defendant by others.

15.     Defendant has produced to plaintiff copies of all documents in the possession of the Warren County Jail that relate to the alleged assault upon plaintiff by defendant of February 4, 2004.

16. It is respectfully submitted that plaintiff's Request for Sanctions Against Defendant should be denied on the bases of Fed.R.Civ.P. 37(b) and the doctrine of equitable estoppel:

   A. The doctrine of equitable estoppel prevents a party from asserting a right based on his own action of misrepresentation to the other party and the other party's reliance on that misrepresentation. **Hess v. Gebhard & Co. Inc.**, 769 A.2d 1186, 1194 (Pa.Super. 2001); **Fresh Start Industries, Inc. v. ATX Telecommunications Services**, 295 F.Supp.2d 521, 525 (E.D.Pa. 2003).

   B. Plaintiff led defendant's counsel to believe on April 20, 2006 and May 16, 2006 that he was willing to modify his request for information to accommodate the undue burden and expense imposed by his original request. His subsequent silence followed by the closing of the discovery period and the filing of plaintiff's pretrial statement with no mention of the subject documents in the pretrial statement led defendant's counsel to believe that plaintiff no longer desired the production of those documents. All of these actions led defendant's counsel not to seek a modification of the court's March 23, 2006 order and not to commence the process of searching for and retrieving the requested documents.

   C. It is respectfully submitted that under these circumstances sanctions for not producing the subject documents would be inappropriate pursuant to Fed.R.Civ.P. 37(b). The failure to produce the documents was justified and awarding sanctions under the circumstances would be unjust.

   D. Moreover, it is respectfully submitted that with the close of discovery, the filing of pretrial statements and the scheduling of trial during the August 2006 jury term

of court, the enforcement of the March 23, 2006 order should no longer be an issue of concern in this action. Plaintiff by his conduct has relinquished any right to enforce the March 23, 2006 order and obtain copies of the subject documents.

WHEREFORE, defendant Katie L. Smith, née Katie L. Avenali, respectfully requests that the Court issue an order denying plaintiff's Request for Sanctions Against Defendant and determining that plaintiff may no longer seek enforcement of the March 23, 2006 order of Court.

Respectfully submitted,

/s/ *James T. Marnen*
James T. Marnen
PA ID No. 15858
KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
120 West Tenth Street
Erie, PA 16501-1461
General Tel: 814-459-2800
Direct Dial Tel: 814-459-9886, Ext. 203
Fax: 814-453-4530
Email: jmarnen@kmgslaw.com

Attorney for Defendants,
Larry E. Kopko, Randy J. Ickert and
Katie L. Smith, née Katie L. Avenali

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSH L. ANDERSON, | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 04-135 Erie |
| LARRY E. KOPKO, RANDY J. ICKERT and KATIE L. AVENALI, | ) |
| Defendants | ) **Jury Trial Demanded** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2006 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I mailed by United States Postal Service the document to the following non-CM/ECF participant: Josh L. Anderson, pro se plaintiff in this action.

/s/ *James T. Marnen*
James T. Marnen

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSH L. ANDERSON, | ) |
| Plaintiff | ) |
| v. | ) |
| | ) Civil Action No. 04-135 Erie |
| LARRY E. KOPKO, RANDY J. ICKERT and KATIE L. AVENALI, | ) |
| Defendants | ) **Jury Trial Demanded** |

## ORDER

AND NOW, this _____ day of _____, 2006 it is hereby ORDERED that plaintiff's Request for Sanctions filed on June 29, 2006 is hereby DENIED. Plaintiff may no longer seek enforcement of the March 23, 2006 order of Court.

_____
Sean J. McLaughlin
United States District Judge

679171