**JOSH L. ANDERSON**
**v.**
**KATIE L. AVENALI**

**CIVIL ACTION NO. 04-135 ERIE**

<u>FINAL INSTRUCTIONS TO THE JURY</u>

I.

(INTRODUCTION)

Ladies and gentlemen, it is now my duty to tell you about the law that is to be applied to this case in which you will be the finders of fact. You have heard all of the arguments and all of the evidence, and it is my function to charge you on the law which you are required to consider and which will govern your deliberations.

For convenience, in the course of these instructions, Josh L. Anderson may be referred to as the Plaintiff, which is just the legal name of the person filing the lawsuit. Correctional Officer Katie L. Avenali, k/n/a Katie L. Smith may be referred to as the defendant, which is the legal name for the party against which a suit is filed.

In deciding these issues of fact, it is your duty, ladies and gentlemen, to follow these instructions. In doing so, you must take into consideration all of the instructions I give you, and not pick out any particular instruction and disregard another one. Your duty is to determine the facts from the evidence that has been produced in open court. You are to apply the facts as you find them to the law that I am giving you, and neither sympathy nor prejudice should influence you in any way. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion.

II.

(COURT IS NEUTRAL)

At the outset, you should understand that I am absolutely neutral in presenting these instructions to you. I will not give you my opinion about any issue of fact to be determined by you. Nothing in the way in which I give my instructions to you is intended as an expression of my opinion about any fact at issue in the case.

III.

(SUBSTANTIVE PRINCIPLES)

Ladies and Gentlemen, I will now instruct you on the substantive principles of law that govern the Plaintiff's claim in this case.

The Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, allows a plaintiff to recover damages for a violation of his or her Constitutional rights where the plaintiff can carry their burden of establishing the following three elements by a preponderance of the evidence: first, that the conduct complained of was committed by the defendant while acting under color of state law; second, that the defendant's conduct deprived the plaintiff of a right, privilege, or immunity secured by the U.S. Constitution; and, third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff. I will now instruct you on each of these elements in further detail.

Regarding the first element, I am instructing you that this element has been satisfied as a matter of law. Thus, the Defendant's actions, whatever you determine them to be, were conducted under color of state law.

The second element is satisfied only if the Plaintiff proves by a preponderance of the evidence that he was deprived of a federal right by the Defendant. Here, the Plaintiff

claims that the Defendant violated his right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment to the United States Constitution. This constitutional prohibition against cruel and unusual punishment includes the right to be free from the use of excessive force by correctional officers, as alleged by the Plaintiff in this case.

In an excessive force claim, the central question is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. In this context, "maliciously" means intentionally injuring another without just cause or reason. "Sadistically" means engaging in extreme or excessive cruelty or delighting in cruelty.

In deciding whether the Plaintiff has proven this claim, you should consider whether the Defendant used force against the Plaintiff, whether there was a need for the application of force, and the relationship between the need for force, if any, and the amount of force applied. In considering whether there was a need for force, you should consider all the relevant facts and circumstances that the Defendant reasonably believed to be true at the time of the encounter. Such circumstances can include whether the Defendant reasonably perceived a threat to the safety of staff or inmates, and if so, the extent of that threat. In addition, you should consider whether the Defendant made any efforts made to temper the severity of the force she used.

You should also consider whether the Plaintiff was physically injured and the extent of such injury. But a use of force can violate the Eighth Amendment even if it does not cause significant injury. Although the extent of any injuries to the Plaintiff may help you

assess whether a use of force was legitimate, a malicious and sadistic use of force violates the Eighth Amendment even if it produces no significant physical injury.

The third element is satisfied only if the Plaintiff proves by a preponderance of the evidence that the Defendant's actions were the cause of the injury. In considering this issue of causation, you should decide whether the Defendant's wrongful conduct was a substantial factor in the resulting harm. It need not be the only cause, nor the last or nearest cause. It is sufficient if it occurs concurrently with some other cause acting at the same time that, in combination, causes the injury.

I will now also give you a few guidelines on how to deliberate upon the evidence you have heard.

IV.

(EVIDENCE)

As I told you at the beginning of this case, the evidence which you are to consider consists of the testimony of the witnesses and the exhibits offered and received into evidence. The proceedings during the trial have been governed by rules of law, and we have had a number of conferences to determine what evidence should be allowed to be submitted to you.

From time to time, it has been my duty to rule on evidence to be submitted, and you should not concern yourselves with the reasons for those rulings. You are not to consider any testimony or any exhibit to which I have sustained an objection, or any exhibit which may have been ordered stricken from the record, or which has not been introduced into evidence.

The attorneys and parties have argued very ably and thoroughly, and they have been well prepared; but their remarks, that is, what they said to you, is not evidence. They have argued to help you understand the facts and their respective theories of the case, but their arguments, again, are not evidence. You must consider as evidence only the testimony and exhibits. If you find that any argument, statement or remark of counsel has no basis in the evidence, then you should disregard that argument, statement or remark. Similarly, if you find that anything I tell you about the facts is not based on the evidence, you should disregard that, too, because you are the finders of fact. It is up to me only to tell you what the law is.

V.

(BURDEN OF PROOF)

The next matter about which I will now instruct you is the applicable burden of proof. The burden of proof is a concept which you must understand in order to give the case proper consideration because a verdict cannot be based on speculation, guess or conjecture.

In civil cases such as this one, the Plaintiff has the burden of proving those contentions that entitle him to relief by a preponderance of the evidence. Thus, the Plaintiff carries the burden of proving, by a preponderance of the evidence, each of the elements that I have previously set forth for you.

The fair weight or preponderance of the evidence means evidence which has more convincing force when it is weighed against the evidence opposed to it so that the greater probability of truth lies therein. If we visualize evidence as something weighed on an ordinary balance scale, and if the evidence admitted in support of a claim made by the

party having the burden of proof is more weighty in probative value than the evidence offered in opposition so that it tips the scales on the side of that party, then that party has proved the claim by the fair weight or preponderance of the evidence.

If, on the other hand, the evidence admitted in opposition to the claim of the party having the burden of proof outweighs or equally balances the evidence produced in support of the claim, it can be said that there has been a failure to carry the burden of proof imposed by law.

It is important to note here that we speak of the quality of evidence, not necessarily its quantity. Also, all of the evidence admitted in support of, and in opposition to, a claim must be considered, and not just the evidence offered by the party having the burden of proof. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witness or witnesses and which evidence you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his or her testimony in preference to their testimony.

VI.

(DIRECT & CIRCUMSTANTIAL EVIDENCE, INFERENCES)

In deciding the facts of this case, members of the jury, you should consider all of the evidence presented by the parties. Consideration of all of the evidence, however, does not mean that you must accept all of the evidence as true or accurate. In this connection, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received into evidence, regardless of who may have produced them; and all facts which have been admitted or stipulated by the parties.

There are two types of evidence which you may properly consider in deciding the issues of fact in this case. One type of evidence is called "direct evidence." Direct evidence is where a witness testifies to what he or she saw, heard or observed. In other words, when a witness testifies about what is known to him or her of his or her own knowledge by virtue of a witness's senses - what he or she sees, feels, touches or hears - that is called direct evidence.

The other type of evidence is called "circumstantial evidence." Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts, and I will give you an example of what the term "circumstantial evidence" means. Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Somebody else then walked in with a raincoat that also was dripping wet. You cannot look outside of the courtroom to see whether it is raining, so you have no direct evidence of that fact. But, based on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience and common sense from an established fact, the existence or the non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence. As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that, before making a finding of fact, the jury must be satisfied that fact has been proved by a preponderance of the evidence from all of the evidence in the case.

While you may consider only the evidence in the case in arriving at your findings of fact, you are permitted to draw such reasonable inferences from the testimony and exhibits of counsel, as you feel are justified in the light of common experience. An inference is not a suspicion or guess. A suspicion is a belief based on circumstances which do not amount to proof. A guess is speculation or conjecture. An inference, on the other hand, is a reasoned logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. In other words, you may reach conclusions which reason and common sense lead you to reach from the facts which have been established by a preponderance of the evidence in the case.

There are times when different inferences may be drawn from the facts, whether proved by direct or circumstantial evidence. Plaintiff will ask you to draw one set of inferences, while the Defendant will ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

VII.

(DETERMINING CREDIBILITY)

Now, in deciding this case, members of the jury, you are required to pass on the credibility of witnesses. Credibility simply means believability. Your function is to decide

what is believable, who is believable and how much weight to give it. In doing this, you use your common sense, your varied backgrounds and experiences, the usual indicators of truth that you use in your daily lives.

A witness's testimony depends on the witness's observation and perception of what he or she testifies to. It also depends on the witness's memory and what he or she experienced at the time, and the witness's ability to create that experience in court.

You may consider the degree of the witness's intelligence, the demeanor and appearance of the witness, the witness's frankness, his or her candor, the evasiveness or responsiveness, as well as the reasonableness or unreasonableness of the witness's testimony in light of all of the circumstances. **You may also consider any interest or bias** that might lead a witness to exaggerate, understate or otherwise color his or her testimony, such as a witness's interest in the outcome of the case or a bias or prejudice that a witness might have in favor of or against a party. This is not to suggest that the interest or bias of a witness would lead the witness to tell you a falsehood or color his or her testimony one way or the other, but bear these factors in mind in passing on the credibility or believability of every witness.

I charge you that if you find a witness has lied to you in any material portion of his or her testimony you may disregard that witness's testimony in its entirety. I say that you may disregard that testimony, not that you must. If you choose to disregard the testimony of any witness because you believe that the witness has been untruthful with you, it must have been untruthfulness in a material portion of that witness's testimony. You must be careful, though, that the untrue part of the testimony was not a result of a mistake or inadvertence, but was, rather, willful and stated with a design or intent to deceive.

Regardless of whether a witness's testimony is untruthful by design or inadvertence, however, you may reject all or any portion of the testimony, as in the case of any witness, if the testimony is not believable by you. On the other hand, you may be convinced that, despite the falsity of a part of the witness's testimony, he or she, in other parts, testified truthfully.

Now, you may find inconsistencies in the evidence, even actual contradictions in the testimony of witnesses, although it does not necessarily mean that any witness has been willfully false. Poor memory is not uncommon. Sometimes a witness forgets. Sometimes he or she remembers incorrectly. It is also true that two persons witnessing the same incident may see it or hear it differently. If different parts of the testimony of any witness or witnesses appear to you to be inconsistent, you should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily. If, however, you find that there is a genuine and irreconcilable conflict in the testimony, it is your function and your duty to determine which, if any, of the contradictory statements you will believe.

XIII.

(DAMAGES)

I will now instruct you on the law as it relates to damages. The fact that I am instructing you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the Plaintiff from a preponderance of the evidence in this case in accordance with the other instructions. Plaintiff is not required to prove his damages by

mathematical certainty, but he does have the burden of proving his entitlement to damages by a preponderance of the evidence.

You may award compensatory damages on the Plaintiff's Section 1983 claim only if you find in favor of the Plaintiff as to that claim. You will not consider damages unless you find that the Defendant is liable to the Plaintiff. If you find for the Plaintiff, you may award him compensatory damages. Compensatory damages include compensation for any physical or emotional pain, suffering, inconvenience, mental anguish, and loss of the enjoyment of life that the Plaintiff suffered as a result of the Defendant's violation of his Constitutional rights. Of course, for items such as these, there is not, and cannot be, a fixed measurement. It is measured by the character, nature and extent of the injuries as shown by the evidence. It is not compensation from a sentimental or benevolent standpoint, but an amount that would be the most reasonable amount of compensation under the circumstances shown by the evidence. You should consider all of the facts and circumstances in evidence, and give to the Plaintiff the amount that you believe will equitably, fairly and justly compensate him for these damages.

Finally, in addition to the damages mentioned above, the law permits the jury in certain circumstances to award the injured person punitive damages in order to punish a defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct. If you find that the Defendant is liable for violating the Plaintiff's rights, then you may, but do not have to, award punitive damages against that the Defendant. You may only award punitive damages if the Plaintiff proves by a preponderance of the evidence that the Defendant's conduct was "recklessly and callously indifferent" to the Plaintiff's Eighth Amendment right to be free from cruel and unusual

punishment. However, even if the Plaintiff proves by a preponderance of the evidence that the Defendant's conduct was recklessly and callously indifferent, you are still not required to award punitive damages; rather, you must also determine whether the Defendant's conduct is of the sort that calls for deterrence and punishment. In determining the amount of punitive damages to award, you should take into consideration all of the circumstances surrounding the particular incident, including the nature of the wrongdoing, the extent of the harm inflicted, the intent of the Defendant, and the wealth or lack of wealth of the Defendant.

Remember, the amount of punitive damages awarded, if any, must not be the result of passion or prejudice against the Defendant. The sole purpose of punitive damages is to punish allegedly outrageous conduct and to deter the defendant and others from similar acts.

X.

(COURT IS NEUTRAL; JURY AS FINDER OF FACTS)

As I mentioned at the beginning of the case, the court is entirely neutral about the outcome of the case. I do not want you to think that anything I have said, any instruction I have given you, any ruling I may have made on the evidence, or any statement I have made either to counsel or to you, implies that I have any position in this case at all, other than to give you fairly the law that you are required to apply, and to rule fairly and impartially on the evidence that has been submitted to you. I have absolutely no interest in how this case resolves itself, only in the procedure by which it is done.

As I told you before, it is for you, and you alone, to determine the facts of the case and the credibility of each witness. If your recollection of the testimony varies with any

statements that are inadvertently made by me or counsel for any party in reviewing the testimony, you have to be guided by your own memory and your recollection of the testimony. You determine the facts from all of the testimony that you have heard, and the other evidence which has been received during the trial. Neither I nor anyone else may infringe on your responsibility as the sole judges of the facts. On the other hand, and of equal importance, you must accept the rules of law as I give them to you and apply those rules to the facts of the case.

XI.

(JURY'S CONDUCT DURING DELIBERATIONS)

Ladies and gentlemen, I am going to instruct you on your deliberations, what you are to do when you retire to the jury room. First, the attitude and conduct of the jury at the outset of the deliberations are matters of considerable importance. When you retire to the jury room for your deliberations, they should proceed in an orderly way. The first order of business in the jury room will be to select one of you to act as foreperson. You are free to select any one of you to act in that capacity. The foreperson will preside over your deliberations and will speak for you here in court, should that become necessary. One more thing about the foreperson. The fact that somebody is a foreperson does not mean that his or her vote is entitled to any greater weight than the vote of any other juror.

Now, in the course of your deliberations, if you should find yourself in doubt concerning any part of my instructions to you about the law, you may request further instructions. In that event, you should transmit a note, signed by the foreperson, to me through my courtroom deputy. Nobody should try to communicate with the court by means

other than a signed writing. I will not communicate with any juror on any subject relating to the merits of the case except in writing or orally here in court with all counsel present.

You should not, at any time, reveal, even to the court, how you stand numerically until you have reached a verdict. Your responsibility to reach a fair conclusion from the evidence and the applicable law is an important one. Your verdict should be reached only after careful and thorough deliberations during which you should consult with each other and discuss the evidence and the reasonable inferences to be drawn from the evidence freely and fairly in a sincere effort to arrive at a just verdict.

It is your duty to consider the evidence with a view toward reaching agreement on a verdict if you can do so without violating your individual judgment and conscience. You must decide the case for yourself, examining the issue in evidence with candor and frankness, and with proper deference to and with regard to the opinion of each other. Mature consideration requires that you be willing to re-examine your own views and to change your opinions if you are convinced that your opinions lack merit or validity. On the other hand, while you may maintain this flexibility, no juror is required to surrender his or her honest conviction as to the weight or effect of the evidence because another juror's opinion differs from his or hers, or for the mere purpose of returning a verdict.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

Keep in mind that the dispute between the parties in this case is for them a most serious matter. They and the court rely on you to give full and conscientious deliberation and consideration to the issues and evidence before you. You should not allow prejudice or sympathy to influence your deliberations. You should not be influenced by anything

other than the law and the evidence in the case. All of the parties stand equal before this Court, and each is entitled to the same fair and impartial treatment at your hands.